THE STATE OF OHIO, APPELLEE, *v.* SHOOK, APPELLANT.

[Cite as State v. Shook (1975), 45 Ohio App. 2d 32.]

(No. 4-74-12—Decided February 10, 1975.)

*Messrs. Bakle, Arthur & Walter* and *Mr. Ronald G. Heck,* for appellant.

*Mr. Roger V. Bacon,* prosecuting attorney, for appellee.

COLE, J. This is an appeal from a judgment of conviction and sentence for the crime of breaking detention. The defendant, the appellant herein, who was confined in the Defiance County jail awaiting arraignment on a charge of operating a motor vehicle without the owner's consent, was charged with a breach of that confinement by leaving the jail without judicial release for a period of some days in violation of R. C. 2921.34(A). This section reads in part as follows:

"(A) No person, knowing he is under detention or being reckless in that regard, shall purposely break or attempt to break such detention, or purposely fail to return to detention, either following temporary leave granted for a specific purpose or limited period, or at the time required when serving a sentence in intermittent confinement."

There are three assignments of error:

"1. The trial court errored [sic] in overruling the defendant's motion for a directed verdict of acquittal for the reason that the State of Ohio failed to prove the necessary element that there was a purposeful break or attempt to break from the Defiance County Jail by the defendant Danny Shook on the 15th day of June, 1974.

"2. The jury verdict in this case was against the manifest weight of the evidence and contrary to law.

"3. The trial court errored [sic] in giving to the jury the following instructions: 'It is no defense if the defendant merely walked away from detention.' * * * The reason for defendant's claim this instruction was error was that no affirmative defense was offered by the defendant that he was not under court order, during the trial. The second reason defendant claims this charge to the jury was error is that it is a jury determination to decide what is meant by 'breaking or attempting to break such detention,' and a jury could well decide that merely walking away from a detention facility should not be considered 'a breaking.' ''

This last statement somewhat crystalizes the fundamental argument of defendant and the position which he took at the trial. The defendant testified in his own defense and essentially claimed to have simply walked out of the jail through open doors and doorways. He, therefore, claims he did not "break" detention. To this position, which is fundamental to a consideration of all assignments of error, we will first direct our attention.

It must first be noted that the present, recently adopted statute is not identical in wording with former R. C. 2901.11 which prohibited an escape from any confinement or restraint imposed as a result of criminal and certain other proceedings. The present statute prohibits a purposeful break of detention. This requires some analysis of the specific terminology used.

The word "detention" as here used is an abstract term which signifies, not a place or means of confinement, but a status. It constitutes the state of being held in some form of legal custody. Webster's Third New International Dictionary defines detention as follows: "2: the state of being detained." We are, therefore, not dealing with a concrete object capable of being broken into pieces, but are dealing with an abstract concept of status which may be terminated or ignored, but not physically affected in any way. Thus, the word "break" cannot have the meaning of a physical severance or destruction.

"Break" has many meanings. In Webster's Third New International Dictionary there are three full columns and part of a fourth devoted to its definition. Without setting forth in detail those diverse meanings given to this common term, we may note that in addition to its common designation of a physical action it also is used metaphorically to apply to other situations. For example, in the transitive form:

"2a: to violate or transgress by failure to follow, observe, or act in accordance with : fail to keep * * * 7a: to stop, cut short, or bring to an end often suddenly : disturb the continuance of * * * b: to cease the regular continuity of : INTERRUPT, SUSPEND * * *."

The word in an intransitive form—i. e., to break out of

jail—may mean "to depart or escape usu. with sudden forceful effort and from restraint or constraint." However, here there is implied the presence of some restraining physical factor. When the simple word "detention" is used, there may be physical restraint but it is not essential to the detention, which in its abstract form connotes merely the state or status of being detained in some form of legal custody.

We conclude that the word "break" as used in the statute means only the termination of the status of being in legal custody, either with or without the use of force, and when it is done purposely, the crime proscribed by the statute has been committed. The use of force to effect the termination of custody is not essential in any degree to the commission of the offense. Even the irregularity in establishing custody is immaterial if a detention facility is involved. (R. C. 2921.34(B).) A county jail is clearly a detention facility. The crime, however, is not in breaking out of the facility but in willfully terminating the status of being detained therein.

Thus, the fact in the instant case that the defendant may have left and in leaving had to use no force, not even that entailed in opening a door, is immaterial. The act of leaving alone, purposely done, violates the statute.

The defendant admits he was never legally released from custody; he further admits that, knowing what he was doing, he walked out of the county jail and then stayed out for a period of several days.

Turning now to the specific assignments of error:

1. It is asserted the prosecution failed to establish purpose. However, purpose and intent are intangible subjective mental factors which can only be established, by their very nature, by indirect evidence, i. e., through inference from the actions and statements of the actor. Paragraph four of *State* v. *Huffman* (1936), 131 Ohio St. 27 states:

"The intent of an accused person dwells in his mind. Not being ascertainable by the exercise of any or all of the senses, it can never be proved by the direct testimony of a third person and it need not be. It must be gathered

from the surrounding facts and circumstances under proper instructions from the court.''

In *State* v. *Hodges*, unreported, Hancock County No. 5-73-14, decided in 1973, we said:

''* * * However, intent must be derived, in the absence of direct testimony of same by the perpetrator, from all evidence having probative value on the element of intent. * * * ''

In the present case, one Rucker, another prisoner, testified that he heard someone jerking on a cell door, that he heard someone say ''I got it open'' and saw defendant walking up and down a corridor. He testified further:

''Well, he walked up to one of the C-row cubes and had a conversation inside, with a prisoner inside, and he said, 'What are you going to do now you're out?' He says, 'I don't know.' He says, 'Well, why don't you make a break?' He says, 'I think I will.' He says, 'I'm going.' He took off.''

The credibility of this witness was a question for the jury. If believed, intent was established by the statement, ''I'm going.''

In addition, the indirect evidence of the defendant's behavior as indicated by the fact that some days later he was found hiding in a closet in his brother-in-law's house leads to a strong inference as to intentional conduct. We further note that the defendant testifying in his own behalf stated that when he left he knew what he was doing.

The assignment of error is not well taken.

2. There is ample evidence to sustain the verdict. It is not contrary to law. It is here defendant argues he used no force to leave. This, as we have seen, is immaterial.

3. The defendant argues that the court's charge, ''It is no defense if the defendant merely walked away from detention,'' was erroneous.

This part of the charge is phrased in terms of defense and appears in the court's charge following an instruction that irregularities in bringing about or maintaining detention or lack of jurisdiction is not a defense. The portion specifically objected to is that which is quoted above.

He now objects, however, first that he offered no affirmative defense on irregularity. The inclusion of this part of the charge could not conceivably be prejudicial to the defendant. If he offered no contention as to irregularity of his commitment or to the jurisdiction of the committing court, then the statement these were not defenses had no bearing upon his case and would in no way affect it either adversely or otherwise. At the most this portion of the charge is surplusage.

He futher objects to the specific statement as to the walking away being no defense. Although this is phrased in terms of defense, it is actually a refinement of the affirmative definition of the offense itself. The determination of what constitutes breaking detention is not a matter of fact for the jury but a matter of law for the court. As we have heretofore determined, this is a correct statement of the law. Merely walking away from detention can be and is a sufficient act, even in the absence of the use of any physical force, to constitute a breaking of detention. The statement was essentially correct and its inclusion in the charge even though phrased in terms of negating a defense is not prejudicial to defendant.

The defendant further argues the court did not read R. C. 2921.34 to the jury in its entirety.

However, the balance of R. C. 2921.34 which is not quoted has no bearing upon the issues of the case. There is no contention the defendant had temporary or intermittent leave and the balance of Section (B) not included by the court in its charge deals with problems where no detention facility is involved.

The court fully presented to the jury those portions of the statute relevant to the case. There was no issue as to detention. This was stipulated. There was no issue as to irregularity or lack of jurisdiction. This left the question of the act of leaving and the intent. There was an adequate charge on each point.

None of the errors assigned are well taken. The judgment of the trial court is affirmed.

*Judgment affirmed.*

GUERNSEY, P. J., and MILLER, J., concur.