OPINION
Defendant-appellant, Demetrius Harrison, appeals his conviction in the Jefferson County Court of Common Pleas for escape after a trial by jury.
On August 19, 1999, Brady Householder (Householder), appellant's parole officer, arranged for appellant to meet with him at his office in the Jefferson County Justice Center on August 20, 1999, because he suspected appellant of a parole violation. Appellant reported to the center the following day as scheduled.
At their meeting, appellant admitted to having been arrested for speeding and driving under suspension in Pennsylvania. Appellant also provided two urine specimens both of which tested positive for cocaine.
Householder then informed appellant that he was under arrest for the aforementioned parole violations and asked him to stand up. Householder placed appellant in an "escort position" and asked that Detective John Parker (Parker) secure the door to the jail. As the three proceeded to the jail entrance, appellant broke free and ran up the stairs and out of the center. Householder and Parker yelled at him to stop and ran after him but to no avail. A warrant was issued for appellant and he was arrested two weeks later.
On September 8, 1999, a Jefferson County Grand Jury indicted appellant for one count of escape in violation of R.C. 2921.34. Appellant was tried by a jury on October 19, 1999, and found guilty. The trial court sentenced appellant to a four-year term of imprisonment. This appeal followed.
Appellant's sole assignment of error states:
 "THE TRIAL COURT ERRED BY ACCEPTING A VERDICT OF GUILTY TO THE SOLE COUNT OF THE INDICTMENT WHEN SAID VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
The crux of appellant's argument is that he did not believe that he was under arrest. Appellant testified that Householder told him he "was done", meaning to him that the meeting was over and that he could voluntarily leave.
An element of escape requires that the offender be under detention. Appellant cites State v. Reed (1981), 65 Ohio St.2d 117, for the proposition that a person is under detention when that person is arrested and the arresting officer has established control over his person. Appellant argues that it was uncontested by both he and Householder that he was never under the control of the parole officer. Appellant argues that while Householder and he differ on whether Householder had advised appellant that he was under arrest, no doubt exists that control was never gained by Householder.
Although appellant's assignment of error is couched in terms of manifest weight, much of appellant's argument appears directed towards challenging the sufficiency of the evidence. Sufficiency of the evidence is the legal standard applied to determine whether the case may go to the jury or whether the evidence is legally sufficient as a matter of law to support the jury verdict. State v. Smith (1997), 80 Ohio St.3d 89, 113. In essence, sufficiency is a test of adequacy. State v. Thompkins
(1997), 78 Ohio St.3d 380, 386. Whether the evidence is legally sufficient to sustain a verdict is a question of law. Id. In reviewing the record for sufficiency, the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Smith, 80 Ohio St.3d at 113.
Alternatively, in determining whether a verdict is against the manifest weight of the evidence, a court of appeals must review the entire record, weigh the evidence and all reasonable inferences and determine whether, in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. See Thompkins,78 Ohio St.3d at 387. "Weight of the evidence concerns `the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other.'" (Emphasis sic.) Id. In making its determination, a reviewing court is not required to view the evidence in a light most favorable to the prosecution, but may consider and weigh all of the evidence produced at trial. Id. at 390 (Cook, J., concurring). "A reversal based on the weight of the evidence, moreover, can occur only after the State both has presented sufficient evidence to support conviction and has persuaded the jury to convict." (Emphasissic.) Id. at 388.
Appellant was convicted of escape, a violation of R.C. 2921.34. That section provides in relevant part:
 "(A)(1) No person, knowing the person is under detention or being reckless in that regard, shall purposely break or attempt to break the detention, or purposely fail to return to detention, either following temporary leave granted for a specific purpose or limited period, or at the time required when serving a sentence in intermittent confinement.
"* * *
"(C) Whoever violates this section is guilty of escape."
As the statute indicates, key elements to the crime of escape include a person who is under detention and the breaking of that detention. R.C.2921.01(E) defines detention in relevant part as follows:
 "(E) `Detention' means arrest; * * * or supervision by an employee of the department of rehabilitation and correction of a person on any type of release from a state correctional institution. * * *"
"Thus, R.C. 2921.01(E) considers parolees in `detention' for purposes of prosecution pursuant to R.C. 2921.34(A)(1)." State v. Conyers (1999),87 Ohio St.3d 246, 249.
As appellant correctly notes, in construing R.C. 2921.01(E), the Ohio Supreme Court held that "[a] person is under `detention,' as that term is used in R.C. 2921.34, when he is arrested and the arresting officer has established control over his person." State v. Reed (1981),65 Ohio St.2d 117, syllabus. However, the "control" necessary to establish detention need not be effected by physical restraint. State v.Shook (1975), 45 Ohio App.2d 32, 34-35; State v. Stemen (Mar. 10, 1989), Allen App. No. 1-87-26, unreported, 1989 WL 22034. In Shook the court held, "When the simple word `detention' is used, there may be physical restraint but it is not essential to the detention, which in its abstract form connotes merely the state or status of being detained in some form of legal custody." Shook, 45 Ohio App.2d at 35. See, also, Stemen,supra, wherein the court held that "the fact that the defendant was not subject to any physical restraint * * * is immaterial."
Also, in State v. Davis (1992), 81 Ohio App.3d 706, 720-721, the court held:
 "In R.C. 2921.34, there is evidence that the General Assembly did not intend to require a detainee to break from physical restraints in order that a break in detention occur. It also constitutes an escape for one to `purposely fail to return to detention.' This presupposes that one is not under physical restraint. An irregularity in detention would also be an affirmative defense to a charge of escape allegedly committed in this manner. Thus, as physical restraint is not a required element of detention, its absence, as occurred in the facts of this case, does not constitute an irregularity in detention. * * *"
After it was determined that appellant had violated the terms of his parole, Householder testified that he told appellant to stand up and informed him that he was "under arrest" for those violations. Householder also testified that he placed appellant in an "escort position." When appellant broke free from Householder, both Householder and Parker yelled at appellant to stop and that he was under arrest. Deputy Cook, who was monitoring the entrance to the justice center, testified that she observed appellant bolt out the door with Householder and Parker chasing him and yelling at him, "Stop! You are under arrest!"
Appellant did present conflicting evidence in the form of his own testimony that he did not believe that he was under arrest. However, appellant's argument is directed towards the weight to be given the evidence and the credibility of the witnesses which were matters primarily for the jury sitting as the trier of the facts. State v. DeHass
(1967), 10 Ohio St.2d 230, paragraph one of the syllabus. "The jury is free to choose among reasonable constructions of the evidence." State v.Jenks (1991), 61 Ohio St.3d 259, 266. "The trier of fact is entitled to believe or disbelieve the testimony of the State's witnesses and/or defense witnesses." State v. Soke (1995), 105 Ohio App.3d 226, 254. The jury can believe all or part of the testimony of any witness. State v.Thomas (1982), 70 Ohio St.2d 79.
In sum, appellant has failed to demonstrate how, when viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could not have found the essential elements of the crime proven beyond a reasonable doubt.
In addition, after thoroughly examining the record and weighing the evidence before the trial court, the jury's decision was not against the manifest weight of the evidence. The jury did not lose its way in evaluating the weight and credibility of the evidence before it, and acted in accordance with the law in issuing a verdict finding appellant guilty of escape.
Accordingly, appellant's sole assignment of error is without merit.
 ____________________ DONOFRIO, J.
Cox, J., concurs
Waite, J., concurs