OPINION
{¶ 1} Defendant-appellant, Terrell Berry, appeals his conviction and sentencing in the Madison County Court of Common Pleas for the crime of escape. We affirm the decision of the trial court.
 {¶ 2} Appellant was convicted of aggravated robbery and robbery, with firearm specifications, in Hamilton County, Ohio. He was sentenced to prison and sent to London Correctional Institution ("LCI"). While a prisoner at LCI, appellant drafted a document purporting to be an entry from the Hamilton County Court of Common Pleas, granting himself 212 days of jail-time credit. He placed the letter in an envelope, addressed it and placed the envelope inside another envelope that he sent to his mother. Appellant arranged for his mother, who lived in Cincinnati, to mail the envelope so that it would have a Cincinnati postmark.
 {¶ 3} When prison officials received the letter, they found it suspicious and questioned its authenticity.[1] They determined that the letter was a fake, and an investigation revealed that appellant was responsible for the letter. A grand jury indicted appellant on the charge of escape. A jury found appellant guilty and he was sentenced by the trial court.[2]
 {¶ 4} Appellant now appeals his conviction and sentencing, and raises two assignments of error.
Assignment of Error No. 1
 {¶ 5} "The Trial Court Erred In Overruling The Defendant-Appellant's Motion For A Directed Verdict Of Acquittal."
Assignment of Error No. 2
 {¶ 6} "Whether The Trial Court Abused Its Discretion In Sentencing The Appellant To The Maximum Sentence For Violation Of Revised Code [section] 2921.34/ESCAPE."
 {¶ 7} In his first assignment of error, appellant contends that the trial court erred in denying his Crim.R. 29 motions for acquittal at the close of the state's case and on return of the verdicts.
 {¶ 8} Pursuant to Crim.R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt. State v. Bridgeman
(1978), 55 Ohio St.2d 415, syllabus. The function of an appellate court when reviewing the sufficiency of the evidence underlying a criminal conviction is "to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus. Upon viewing the evidence in a light most favorable to the prosecution, the relevant inquiry is whether "any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id.
 {¶ 9} Appellant was charged with escape pursuant to R.C.2921.34(A)(1), which provides:
 {¶ 10} "No person, knowing the person is under detention or being reckless in that regard, shall purposely break or attempt to break the detention, or purposely fail to return to detention, either following temporary leave granted for a specific purpose or limited period, or at the time required when serving a sentence in intermittent confinement."
 {¶ 11} Appellant argues that pursuant to State v. Shook (1975),45 Ohio App.2d 32, the breaking of detention is the purposeful "termination of the status of being in legal custody, either with or without the use of force." Appellant contends that his actions could not have broken his detention because the forged letter would have lengthened, rather than shortened his sentence.
 {¶ 12} After appellant's incarceration, the Hamilton County Court of Common Pleas granted appellant 1,073 days of jail-time credit. Appellant contends that because the forged jail credit granted only "212 days of jail credit" and not "an additional 212 days of jail credit," if the forged entry had been accepted as genuine, the result would have been to lengthen appellant's sentence, not to shorten it. According to this logic, the forged entry, if accepted, would not have broken appellant's detention and so therefore, he cannot be guilty of escape.
 {¶ 13} Appellant's argument, while decidedly unique, is without merit. The escape statute expressly includes an attempt to break detention in its definition. See R.C. 2921.34(A). Appellant is not excused from the legal consequences of his actions simply because his attempt to lengthen his detention may not have had the legal effect he intended. Instead, the evidence establishes that appellant made an attempt, albeit a woefully inadequate one, to break his detention by granting himself additional jail-time credit. This attempt is all that the statute requires. Impossibility is not a defense to an attempted crime. See R.C. 2923.02(B); State v. Brown (Mar. 29, 1996), Ottawa App. No. OT-95-040. Appellant's first assignment of error is overruled.
 {¶ 14} In his second assignment of error, appellant contends that the trial court erred by sentencing him to the maximum sentence. An appellate court may not disturb a sentence imposed by a trial court unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law or statute. R.C.2953.08(G)(1). Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954),161 Ohio St. 469, paragraph three of the syllabus. The sentence imposed upon the offender should be consistent with the overriding purposes of sentencing: "to protect the public from future crime by the offender" and "to punish the offender." R.C. 2929.11(A).
 {¶ 15} A trial court may impose the maximum term upon an offender only if the trial court finds on the record that the offender "committed the worst forms of the offense," or that the offender "pose[s] the greatest likelihood of committing future crimes." R.C. 2929.14(C). The trial court must provide the reasons underlying its decision to impose a maximum sentence. R.C. 2929.19(B)(2)(d) and (e); State v. Beard (Sept. 5, 2000), Clermont App. No. CA2000-02-012. In considering whether an offender committed the worst form of the offense, the trial court is guided by the factors listed in R.C. 2929.12(B). The court may also consider any other relevant factors. Id.
 {¶ 16} At the sentencing hearing, the trial court stated that it found the attempted escape was the most serious form of the offense. The court continued by stating, "I grant you, it was not going out over the walls, but [it would be] setting a precedent that would simply be disastrous in the institution not to impose a maximum sentence." The trial court made findings that the shortest prison term would demean the seriousness of the offense and would not adequately protect the public.
 {¶ 17} Appellant argues that the facts do not support a finding that he committed the worst form of the offense. He contends that his actions do not constitute the worst form of the offense because he did not physically attempt to escape, did not take any hostages and did not use any weapons. However, this court has repeatedly stated that the trial court is not required to compare the defendant's conduct to some hypothetical worst-case form of the offense. E.g., State v. Boshko
(2000), 139 Ohio App.3d 827, 836; State v. Maloney, Butler App. No. CA2001-01-014, 2002-Ohio-618; State v. Bates, Fayette App. No. CA2001-10-018, 2002-Ohio-018, at ¶ 34; State v. Pruhs, Clermont App. No. CA2001-03-037, 2001-Ohio-8661. Instead, the court must consider the totality of the circumstances surrounding the offense. Id.
 {¶ 18} Although, as argued by appellant, he did not cause physical harm to persons or property in his attempted escape, the trial court's statements relate to the fact that appellant's actions created a serious risk to the security of both the public and to penal institutions. While physical harm is one of the factors to be considered in determining whether an offender's conduct constituted the worst form of the offense, as mentioned above, the trial court may consider other factors and must look at the totality of the circumstances. Although there was no physical harm, appellant's actions created a different manner of harm. Appellant's attempt to escape in this manner threatened the security and confidence both the institution and the public have that an inmate will serve his proper sentence. In addition, the attempt to escape in this manner threatens the ability an institution has to rely on documents received by its records office. In this situation, the harm is no less serious than physical harm. Thus, we find there was a sufficient basis for the trial court to find that appellant committed the worst form of the offense. Appellant's second assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., and VALEN, J., concur.
[1] Among many other things making the letter suspicious, the return address of the Hamilton County Court of Common Pleas was handwritten and LCI's zip code had been whited out and changed. The envelope was a particular type with pre-paid postage which was available for inmates to purchase at LCI. The entry was "signed" by defense counsel and the prosecutor, but did not contain a judge's signature. It contained several grammatical and spelling mistakes, and was typewritten on the type of typewriter used by inmates.
[2] Appellant was also indicted and tried for forgery in relation to the jail credit letter, and for one count of illegal conveyance of drugs for actions unrelated to the escape charge. Appellant has not appealed any aspect of these convictions.