OPINION
{¶ 1} Defendant, C.T., appeals from the juvenile court's finding of delinquency arising from offenses of assault and escape he committed.
 {¶ 2} On March 22, 2006, C.T. appeared before a magistrate for a hearing on the State's complaint that C.T. had violated the terms of a court order arising from a previous charge of burglary. After C.T. admitted the violation, the magistrate explained to C.T. that he would be held in the detention center until his next court date. The magistrate then called for a deputy to take C.T. to the secure part of the facility.
 {¶ 3} While the deputy waited next to C.T. in the courtroom, C.T. signed the notice of his next court date, which stated that C.T. was being remanded to detention. At the direction of the deputy, C.T. began emptying his pockets. C.T. asked if he could give his coat to his mother, who was waiting in the courtroom. As C.T. moved toward his mother, he began to run toward one of the doors exiting the courtroom. The deputy grabbed part of C.T.'s coat but was unable to stop C.T. from exiting the courtroom. C.T. ran through the halls of the courthouse searching for an exit. As C.T. approached an exit, he collided with the manager of the intervention center and knocked the manager to the floor. Deputies caught C.T. as he exited the building.
 {¶ 4} On March 23, 2006, the State filed a complaint alleging one count of assault in violation of R.C. 2903.13 and one count of escape in violation of R.C. 2921.34. Following a bench trial, the trial court found C.T. delinquent and responsible for one count of assault and one count of escape. The trial court committed C.T. to the legal custody of the Department of Youth Services for a minimum period of six months and a maximum period not to exceed the day on which C.T. turned twenty-one years of age. C.T. filed a timely notice of appeal.
ASSIGNMENT OF ERROR
 {¶ 5} "THE TRIAL COURT ERRED IN FINDING THE JUVENILE RESPONSIBLE FOR THE CHARGE OF ESCAPE."
 {¶ 6} The trial court found C.T. responsible for one count of escape in violation of R.C. 2921.34(A)(1), which provides "No person, knowing the person is under detention or being reckless in that regard, shall purposely break or attempt to break the detention. . . ." "'Detention' means arrest; . . . confinement in any public or private facility for custody of persons charged with or convicted of crime in this state or another state or under the laws of the United States or alleged or found to be a delinquent child or unruly child in this state or another state or under the laws of the United States. . . ." R.C. 2921.01(E).
 {¶ 7} C.T. argues that the trial court erred in finding him responsible for escape because the deputy never had control over C.T. sufficient to constitute detention within the meaning of R.C.2921.01(E). We disagree. The word detention "is an abstract term which signifies, not a place or a means of confinement, but a status. It constitutes the state of being held in some form of legal custody."State v. Shook (1975), 45 Ohio App.2d 32, 34.
 {¶ 8} Physical restraint is not necessary to establish detention.State v. Davis (1992), 81 Ohio App.3d 706, 720 (citation omitted). Fleeing a courtroom after a court announces a judgment but before the individual is taken into physical custody may constitute a purposeful breaking of detention under R.C. 2921.34(A)(1). State v. Stiver (May 7, 1990), Licking App. No. CA-3498.
 {¶ 9} The record supports the trial court's finding that C.T. knowingly broke detention. Both the magistrate and the deputy who were in the courtroom during the March 22, 2006 hearing testified that C.T. fled the courtroom after being informed that he would be required to stay at the detention center until his next court date. C.T.'s actions showed that it was clear to him that he was detained. For example, C.T. told the magistrate that the detention would prevent C.T. from attending his job interview. Also, C.T. began emptying his pockets to give the deputy his possessions and asked the deputy if C.T. could give his coat to his mother.
 {¶ 10} The fact that C.T. was not handcuffed or physically restrained by the deputy does not preclude a finding that he broke detention. The deputy testified that it was his practice not to handcuff defendants who were being cooperative. Until he bolted from the courtroom, C.T. gave every indication that he was resigned to accompany the deputy to the detention center. Therefore, at the time he fled, C.T. was detained within the meaning of R.C. 2921.01(E).
 {¶ 11} The assignment of error is overruled. The judgment of the trial court will be affirmed.
Wolff, P.J. and Fain, J., concur.