OPINION
{¶ 1} This matter is before the Court on the direct appeal of Defendant-Appellant Patrick Boggs from his conviction for escape. The crux of this appeal is whether a defendant on post release control is under detention as defined in R.C. § 2921.01(E) for purposes of a conviction for escape pursuant to R.C. § 2921.34(A)(1). Because there is no reason to treat a defendant on post release control differently *Page 2 
than one on parole, we find that the State offered sufficient evidence to overcome Bogg's Crim.R. 29 motion for acquittal. The judgment of the trial court will be affirmed.
 I {¶ 2} In early 2004, Boggs pled guilty to one count of burglary and was sentenced to two years of incarceration. The following year Boggs was released on community control, but after violating the conditions of his control, he was sent back to prison to serve the remainder of his sentence. Upon his release in May, 2006, Boggs was placed on post release control. He met with his parole officer, Crystal Langer, to review the conditions of his supervision. At that meeting Boggs signed a document indicating that he understood those conditions, including his duty to keep Ms. Langer informed of his living and working arrangements and his responsibility to report to her as instructed. Boggs was also required to obtain Ms. Langer's permission before changing either his residence or employment. The form clearly advised Boggs that he could be charged with escape for failing to abide by the terms of his post release control.
 {¶ 3} A second meeting was set for the following month. However, Boggs chose not to appear for the meeting because he knew that he would test positive for drugs. When Ms. Langer twice tried to contact him at his mother's home, which was the address he had provided to her, Boggs' mother advised Ms. Langer that she had not seen her son since his release from prison. Ms. Langer obtained a warrant for his arrest.
 {¶ 4} In July, Boggs was arrested on that warrant. One of Ms. Langer's supervisors, Tim Jones, visited Boggs in jail and set another meeting between Boggs *Page 3 
and Ms. Langer for the following week. Boggs again failed to attend the meeting because he knew that he would test positive for drugs. Because Boggs had not provided her with any new contact information, Ms. Langer both sent a letter and left a note at Boggs' mother's home instructing Boggs to appear the following month. When he failed to do so, Ms. Langer obtained another warrant for his arrest, and she sought charges of escape against Boggs.
 {¶ 5} In September Boggs was arrested on the second warrant, and Ms. Langer visited him in jail. She told Boggs to report to her the following Monday, and he did appear. At that time, Ms. Langer told Boggs that she was seeking felony escape charges against him. After that time Boggs was cooperative and continued to report as requested until he was indicted on the escape charge and placed under arrest.
 {¶ 6} A jury found Boggs guilty of escape, and he was sentenced to two years of incarceration. Boggs now appeals.
 II {¶ 7} Boggs' Assignment of Error:
 {¶ 8} "THE COURT ERRED BY DENYING APPELLANT'S CRIM.R. 29 MOTION BECAUSE THE STATE FAILED TO ESTABLISH THE ELEMENTS OF ESCAPE."
 {¶ 9} In Boggs' sole assignment of error, he claims that because the State could not establish all of the elements of escape, the trial court erred in denying his Crim.R. 29 motion for acquittal. Specifically, he insists that the State did not prove that he was under detention, that he knew that he was under detention, or that he had broken that detention. In short, Boggs argues that, unlike an individual on parole, an *Page 4 
individual on post release control is not under detention within the statutory meaning of the word or as it applies to the statute against escape. His argument fails.
 {¶ 10} Criminal Rule 29(A) requires a trial court to enter a judgment of acquittal "if the evidence is insufficient to sustain a conviction of such an offense. . . . "A sufficiency of the evidence argument challenges whether the State has presented adequate evidence on each element of the offense to allow the case to go to the jury or to sustain the verdict as a matter of law. State v. Thompkins, 78 Ohio St.3d 380,387, 1997-Ohio-52. The proper test to apply to the inquiry is the one set forth in paragraph two of the syllabus of State v. Jenks (1991),61 Ohio St.3d 259, 574 N.E.2d 492: "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."
 {¶ 11} Boggs was indicted on one count of escape in violation of R.C. § 2921.34(A)(1), which states "No person, knowing the person is under detention or being reckless in that regard, shall purposely break or attempt to break the detention, or purposely fail to return to detention, either following temporary leave granted for a specific purpose or limited period, or at the time required when serving a sentence in intermittent confinement." As applies in this case, detention is defined as " . . . supervision by an employee of the department of rehabilitation and correction of a *Page 5 
person on any type of release from a state correctional institution. . . . "(Emphasis ours.) Contrary to Boggs' argument, the word detention is a legal phrase that does not imply a location or method of confinement, but instead is an abstract term describing a person's status. State v.Smith (1985), 29 Ohio App.3d 194, 195, 504 N.E.2d 1121, citation omitted.
 {¶ 12} Boggs insists that despite the fact that the Ohio Supreme Court held in State v. Thompson, 102 Ohio St.3d 287, 2004-Ohio-2946, that parole is detention within the meaning of the statute, post release control is not detention because the Court did not specifically say so. Boggs' argument is one of semantics. He has offered no real reason for parole and post release control to be treated differently in regards to the definition of detention or the escape statute, nor do we see one. As Ms. Langer testified, the word parole is being phased out, being replaced by the term post release control. In fact, Ms. Langer is still considered a parole officer, and she is employed by the Ohio Adult Parole Authority, which is part of the State Department of Rehabilitation and Correction. Thus, there is no difference between individuals on parole and those on post release control when the definition of detention is applied to the statute against escape.
 {¶ 13} Furthermore, this Court has previously overruled assignments of error that asserted that the definition of detention in R.C. §2921.01(E) is unconstitutionally vague as used in R.C. § 2921.34 as it relates to parole and post release control violators. State v.Love, Montgomery App. No. 21568, 2007-Ohio-135. Therein, we affirmed the defendant's conviction for an escape that occurred while he was on parole. Id. We see no logical reason for a different outcome in this case. *Page 6 
 {¶ 14} Having found that a person on post release control is under detention for purposes of the escape statute, we look to the sufficiency of the evidence presented against Boggs in this case. The conditions of release form, as well as Ms. Langer's testimony, demonstrate that Boggs was well aware of the terms of his release and that he could face felony escape charges should he not abide by those conditions. Boggs knew that the terms of his supervision included keeping appointments with his parole officer and advising her of where he was living and working, and he failed to abide by either of those conditions. Boggs also knew that he was required to seek Ms. Langer's permission before either moving or changing employment, but he failed to do so either of the two times that he moved after his release.
 {¶ 15} For these reasons, we find that the State offered sufficient evidence of Boggs' guilt of escape to overcome a Crim.R. 29 motion for acquittal.
 {¶ 16} Parenthetically, we believe the State would also prevail under R.C. 2967.01 et seq. Boggs is a "releasee" per R.C. 2967.01(J). Pursuant to R.C. 2967.15(C)(2), Boggs — as an absconder from supervision — could be prosecuted for escape.
 {¶ 17} This assignment of error is overruled.
 III {¶ 18} Having overruled Boggs' sole assignment of error, the judgment of the trial court will be Affirmed.
 GRADY, J. and DONOVAN, J., concur. *Page 1