OPINION
{¶ 1} Defendant-appellant Brent Hobson appeals from his conviction for Escape, R.C. 2921.34(A)(1). Hobson contends that the trial court should have granted his motion to dismiss because the statute does not apply to individuals on post-release control and because a conviction for Escape in his case violates the Double Jeopardy *Page 2 
clause of the Fifth Amendment to the United States Constitution, since he was also given a ninety-day sanction for post-release control violations. Hobson also argues that the R.C. 2921.01(E) definition of the word "detention" is unconstitutionally vague as applied to a conviction for Escape. We conclude that R.C. 2921.34(A)(1) does apply to those on post-release control, that a conviction for Escape in this case does not violate the Double Jeopardy clause, and that the statutory definition of "detention" is not void for vagueness. The judgment of the trial court is Affirmed.
 I {¶ 2} On July 10, 2007 Hobson was released on post-release control from Pickaway Correctional Institution, where he had been serving a sentence for a 2002 conviction for Possession of Cocaine. Two days later Hobson reported to his parole officer as ordered. Because he tested positive for marijuana, he was ordered to report again the following day in order to be transported to Volunteers of America, a halfway house drug program. Hobson failed to appear, and his parole officer remained unaware of his whereabouts until August 17, 2007, when Hobson was arrested following a traffic stop. A Montgomery County Grand Jury indicted Hobson on one count of Escape. In the meantime, he was given a ninety-day sanction for failing to comply with the terms of his post-release control, particularly for continued drug use. Hobson filed a motion to dismiss the indictment, which the trial court overruled after a hearing. Hobson pled no contest to the charge of Escape, and the trial court sentenced him to a minimum two-year term of incarceration. Hobson appeals from his conviction and sentence. *Page 3 
 II {¶ 3} Hobson's First Assignment of Error is as follows:
 {¶ 4} "THE COURT ERRED IN OVERRULING MR. HOBSON'S MOTION TO DISMISS AS THE PLAIN LANGUAGE OF THE STATUTE DOES NOT SUPPORT A CONVICTION UNDER THE FACTS OF THIS CASE."
 {¶ 5} Hobson's Third Assignment of Error is as follows:
 {¶ 6} "THE TRIAL COURT ERRED IN OVERRULING MR. HOBSON'S MOTION TO DISMISS AS THE CONVICTION OF MR. HOBSON IN THIS CASE VIOLATES THE DOUBLE JEOPARDY CLAUSES OF THE OHIO AND UNITED STATES CONSTITUTIONS."
 {¶ 7} In Hobson's First and Third assignments of error, he contends that the trial court should have granted his motion to dismiss the indictment against him. Specifically, he insists that individuals on post-release control are not under "detention," as defined by R.C. 2921.01(E), and that a conviction for Escape in his case violates the Double Jeopardy clauses of the Fifth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution.
 {¶ 8} Hobson was indicted on one count of Escape, in violation of R.C. § 2921.34(A)(1), which states "No person, knowing the person is under detention or being reckless in that regard, shall purposely break or attempt to break the detention, or purposely fail to return to detention, either following temporary leave granted for a specific purpose or limited period, or at the time required when serving a sentence in intermittent confinement." As applies in this case, detention is defined as "* * * supervision by an employee of the department of rehabilitation and correction of a person on any type of *Page 4 
release from a state correctional institution * * * ." Contrary to Hobson's argument, the word "detention" is a legal term that does not imply a location or method of confinement, but is an abstract term describing a person's status. State v. Smith (1985), 29 Ohio App.3d 194,195, 504 N.E.2d 1121, citation omitted.
 {¶ 9} Hobson insists that despite the fact that the Ohio Supreme Court held in State v. Thompson, 102 Ohio St.3d 287, 2004-Ohio-2946, that parole is "detention," within the meaning of the statute, post-release control is not detention because the Supreme Court did not specifically say so. We find no meaningful distinction between individuals on parole and those on post-release control when the definition of detention is applied to the Escape statute. For that reason we held in State v.Boggs, Montgomery App. No. 22081, 2008-Ohio-1583, that R.C. 2921.34(E)(1) does apply to individuals on post-release control.
 {¶ 10} Hobson also asserts that under the facts of his case, a conviction for Escape violates the Double Jeopardy clause, because he was also given a ninety-day sanction for post-release control violations. This argument was not made in his motion to dismiss. To the extent that Hobson argues that he raised a double jeopardy challenge in a motion for reconsideration, we note that a motion for reconsideration is a nullity. See, e.g., State v. Lucas, Montgomery App. No. 20052,2004-Ohio-4929, ¶ 7. Nevertheless, during the hearing there was mention of the sanction, and in its decision the trial court noted that while Hobson was accused of "violation of two of his PCR rules[, t]his sanction * * * is not imposed for violation of Defendant's requirement to report." Instead, that issue was specifically reserved for the trial court to address in the context of the Escape charge. Because the ninety-day sanction was not the result of Hobson's failure to report to his probation officer, there can be no Double Jeopardy violation. *Page 5 
 {¶ 11} For these reasons, Hobson's First and Third assignments of error are overruled.
 III {¶ 12} Hobson's Second Assignment of Error is as follows:
 {¶ 13} "THE TRIAL COURT ERRED IN FAILING TO FIND THE DEFINITION OF DETENTION IN OHIO REVISED CODE 2921.01(E) AS USED IN OHIO REVISED CODE 2921.34 UNCONSTITUTIONALLY VAGUE AS IT RELATES TO POST-RELEASE CONTROL AND/OR PAROLE VIOLATIONS."
 {¶ 14} In his Second Assignment of Error, Hobson asserts that the R.C. 2921.01(E) definition of detention is unconstitutionally vague, as applied to a conviction for Escape pursuant to R.C. 2921.34 when the charge arises from a violation of post-release control for failure to report. To the contrary, this court has previously rejected exactly that argument in State v. Love, Montgomery App. No. 21568, 2007-Ohio-135
(affirming conviction for Escape that occurred while under post-release control). We see no reason for a different outcome in this case. Accordingly, Hobson's Second Assignment of Error is overruled.
 IV {¶ 15} All of Hobson's assignments of error having been overruled, the judgment of the trial court is Affirmed.
WOLFF, P.J., and DONOVAN, J., concur.
Copies mailed to:
Mathias H. Heck, Jr.
Jill R. Sink
Jennifer S. Getty
 Hon. Timothy N. O'Connell *Page 1