**[Cite as *State v. Fleming*, 2022-Ohio-3158.]**

## IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2021-CA-61 |
| | : | |
| v. | : | Trial Court Case No. 2021-CR-262 |
| | : | |
| JAMAAL FLEMING | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 9th day of September, 2022.

. . . . . . . . . . .

IAN A. RICHARDSON, Atty. Reg. No. 0100124, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
  Attorney for Plaintiff-Appellee

ADAM JAMES STOUT, Atty. Reg. No. 0080334, 5335 Far Hills Avenue, Suite 220, Dayton, Ohio 45429
  Attorney for Defendant-Appellant

. . . . . . . . . . . . .

TUCKER, P.J.

{¶ 1} Defendant-appellant Jamaal Fleming appeals from his convictions, following no contest pleas, for escape and obstructing official business. Fleming contends the trial court erred by failing to merge the two convictions for purposes of sentencing. Because we find no error in sentencing, the judgment of the trial court is affirmed.

## I.     Facts and Procedural History

{¶ 2} On April 14, 2021, Fleming was convicted by a jury of two counts of aggravated trafficking in drugs and two counts of aggravated possession of drugs in Clark C.P. No. 2020-CR-416. At the conclusion of that trial, the judge ordered Fleming held in jail pending sentencing. Clark County Sheriff's Deputies Miller and Dillahunt approached Fleming to escort him to jail and noted that he was becoming upset. Upon speaking with him, the deputies learned that Fleming had not known he would be held in jail while awaiting sentencing. The deputies informed Fleming they would place him in a holding cell and permit him to call his lawyer. Fleming then calmed down and agreed to accompany the deputies. The deputies escorted Fleming from the courtroom, down an elevator, and into the courthouse lobby.

{¶ 3} In the lobby, Fleming again began acting upset. Sheriff's Deputy Biggert, who was already in the lobby, approached in order to help maintain control. The deputies began to place Fleming in handcuffs, at which point he began to pull away and resist. Fleming threatened to take a gun from the deputies and stated that he would force them to shoot him. He then attempted to grab Dillahunt's service gun. Dillahunt prevented Fleming from obtaining the gun by turning his body and stepping backward.

At that point, Fleming became more aggressive and started "swinging and fighting" with the deputies, and he then managed to break free from the deputies. Fleming ran out of the building and fled. A foot chase ensued, but the deputies were unable to apprehend Fleming. A few moments later, Fleming was observed entering a vehicle and driving away. He was apprehended at a later date.

{¶ 4} On April 26, 2021, Fleming was indicted on one count of escape in violation of R.C. 2921.34(A)(1) and one count of obstructing official business in violation of R.C. 2921.31(A). On October 18, 2021, he entered pleas of no contest to the charges. The trial court accepted the pleas and found Fleming guilty of both charges. A sentencing hearing was conducted on November 9, 2021. Fleming filed a motion seeking to merge the counts, but the trial court declined to do so. The court sentenced Fleming to prison terms of 12 months on obstructing official business and 36 months on the escape. The trial court ordered the sentences be served consecutively to each other and consecutively to the 30-month prison sentence imposed in Case No. 2020-CR-416, for an aggregate prison term of 78 months.

{¶ 5} Fleming appeals.

## II.     Analysis

{¶ 6} Fleming's sole assignment of error states:

THE TRIAL COURT ERRED IN DETERMINING THAT THE OFFENSES OF ESCAPE AND OBSTRUCTING OFFICIAL BUSINESS DID NOT MERGE AND IMPOSED CONSECUTIVE SENTENCES.

{¶ 7} Fleming asserts that the offenses of escape and obstructing official business should have merged.

{¶ 8} Our analysis of merger arguments is governed by the allied-offense statute, R.C. 2941.25, which provides:

(A) Where the same conduct by [a] defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶ 9} "As a practical matter, when determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must ask three questions when the defendant's conduct supports multiple offenses: (1) Were the offenses dissimilar in import or significance? (2) Were they committed separately? and (3) Were they committed with separate animus or motivation? An affirmative answer to any of the above will permit separate convictions. The conduct, the animus, and the import must all be considered." *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 31; *State v. Davison*, 2d Dist. Montgomery No. 28579, 2021-Ohio-728, ¶ 29.

{¶ 10} The defendant bears the burden of establishing that offenses should be

merged as allied offenses. *State v. Albertson*, 2d Dist. Montgomery No. 28722, 2021-Ohio-2125, ¶ 95. We review the trial court's merger ruling de novo. *Id.*

{¶ 11} R.C. 2921.34, which proscribes escape, states, in pertinent part, "[n]o person, knowing the person is under detention, * * * or being reckless in that regard, shall purposely break or attempt to break the detention * * *." R.C. 2921.34(A)(1).

{¶ 12} The obstructing official business statute, R.C. 2921.31, states as follows:

(A) No person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's official capacity, shall do any act that hampers or impedes a public official in the performance of the public official's lawful duties.

{¶ 13} "A person acts purposely when it is the person's specific intention to cause a certain result, or, when the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is the offender's specific intention to engage in conduct of that nature." R.C. 2901.22(A).

{¶ 14} For purposes of the escape statute, "[t]he word 'detention' as used in R.C. 2921.01(E) does not signify a place or a means of confinement, but rather it is an abstract term which signifies a status." *State v. Smith*, 29 Ohio App.3d 194, 195, 504 N.E.2d 1121 (8th Dist.1985), citing *State v. Shook*, 45 Ohio App.2d 32, 34, 340 N.E.2d 423 (3d Dist.1975). "The breaking of detention as prohibited by R.C. 2921.34(A) is the termination of the status of being in legal custody * * *." *Smith* at paragraph one of the syllabus. "The crime [ ] is not in breaking out of the [detention] but in willfully terminating

the status of being detained[.]" *Shook*, at 34-35.

**{¶ 15}** "To be guilty of the offense of obstructing official business, an individual must commit an overt act done with an intent to obstruct a public official, such as a police officer, and the act must succeed in actually hampering or impeding that officer." *State v. Gibson*, 2019-Ohio-1022, 133 N.E.3d 1006, ¶ 18 (2d Dist.), citing *State v. Davis*, 2017-Ohio-5613, 94 N.E.3d 194, ¶ 37 (2d Dist.). The offense requires "some substantial stoppage of the officer's progress." *State v. Ellis*, 2d Dist. Montgomery No. 24003, 2011-Ohio-2967, ¶ 59, quoting *State v. Wellman*, 173 Ohio App.3d 494, 2007-Ohio-2953, 879 N.E.2d 215, ¶ 17 (1st Dist.). However, there is no specific time frame that constitutes a "substantial stoppage." *State v. Body*, 2018-Ohio-3395, 117 N.E.3d 1024, ¶ 25 (2d Dist.), citing *Ellis* at ¶ 59, quoting *Wellman* at ¶ 17. A defendant need not cause an officer to fail in his duties, he need only disrupt the performance thereof. *Id.*, citing *State v. Terry*, 2d Dist. Montgomery No. 26722, 2016-Ohio-3484, ¶ 22.

**{¶ 16}** Fleming asserts that his two offenses should have merged. He first argues the offenses were of similar import because there were no victims other than the sheriff's deputies. He further argues the offenses were part of the same transaction and were committed with the same animus; specifically, he claims that all of his actions were taken in furtherance of his attempt to escape detention and that he had no motivation other than escape. Fleming cites *State v. Anderson*, 9th Dist. Summit Nos. 29275, 29276, 2019-Ohio-5220, claiming it recognizes the necessity of merging the two offenses. [1]

---

[1] We have read the *Anderson* case and conclude it does not address the issue of whether the offenses of escape and obstructing official business were subject to merger. Therefore, it has no bearing on our analysis.

Conversely, the State maintains that merger was inappropriate under the third part of the *Ruff* analysis, i.e., that the offenses in question were committed with a separate animus.

{¶ 17} "Whether offenses are committed separately often hinges on whether there is a temporal or spatial separateness in the offenses." *State v. Vanausdal*, 3d Dist. Shelby No. 17-16-06, 2016-Ohio-7735, ¶ 14, citing *State v. Skapik*, 2d Dist. Champaign No. 2015-CA-5, 2015-Ohio-4404, ¶ 19; *State v. Anderson*, 1st Dist. Hamilton No. C-110029, 2012-Ohio-3347, ¶ 24. A court may conclude that a defendant's offenses involved separate conduct when the defendant breaks "a temporal continuum started by his initial act." (Citations omitted.) *State v. Nuh*, 10th Dist. Franklin No. 10AP-31, 2010-Ohio-4740, ¶ 16. "[E]ven a 'slight' temporal separation of the offenses can establish separate offenses." *Vanausdal* at ¶ 14. *Accord State v. Jackson*, 1st Dist. Hamilton No. C-090414, 2010-Ohio-4312, ¶ 26; *State v. Taylor*, 2d Dist. Montgomery No. 23990, 2014-Ohio-3647, ¶ 12.

{¶ 18} The term "animus" means " 'purpose or, more properly, immediate motive.' " *State v. Grissom*, 2d Dist. Montgomery No. 25750, 2014-Ohio-857, ¶ 40, quoting *State v. Logan*, 60 Ohio St.2d 126, 131, 397 N.E.2d 1345 (1979). " 'Where an individual's immediate motive involves the commission of one offense, but in the course of committing that crime he must, [a] priori, commit another, then he may well possess but a single animus, and in that event may be convicted of only one crime.' " *State v. Ramey*, 2015-Ohio-5389, 55 N.E.3d 542, ¶ 70 (2d Dist.), quoting *Logan* at 131. In other words, "[i]f the defendant acted with the same purpose, intent, or motive in both instances, the animus is identical for both offenses." *State v. Swartz*, 2d Dist. Miami No. 2019-CA-17, 2020-

Ohio-5037, ¶ 23; *State v. Lewis*, 12th Dist. Clinton No. CA2008-10-045, 2012-Ohio-885, ¶ 13.

{¶ **19**} In this case, the presentence investigation report (PSI), to which Fleming did not object, demonstrated that Fleming became upset when he learned he would be jailed pending sentencing. In the courthouse lobby, Fleming became argumentative, which caused the deputies to attempt to handcuff him. As the deputies tried to handcuff him, Fleming began to resist physically, and he made a threat to take a gun and force the deputies to shoot him. The PSI recounted that Fleming had attempted to grab Dillahunt's firearm but was thwarted when Dillahunt moved back from the fray. At that point, Fleming began to actually swing at and fight with the deputies until he broke free from their grasps. Fleming then fled the building and led the deputies on a foot chase.

{¶ **20**} Based upon this record, the trial court could have reasonably concluded that Fleming had committed and completed the obstruction of official business offense before he broke or attempted to break from detention, with the escape occurring when he broke from the deputies' grasp and fled the courthouse. Thus, it was reasonable for the trial court to conclude that the offenses were committed separately. Further, based upon the sequence of events, the trial court could have concluded that Fleming's animus for fighting with the deputies was to avoid being handcuffed and that he did not form the intent to escape until he realized he had broken free of the deputies. Thus, we cannot say the trial court erred in concluding that the offenses were separate occurrences committed with separate intent.

{¶ **21**} Finally, although Fleming's statement of his assignment of error mentions

that the trial court imposed consecutive sentences, Fleming does not argue that there was any error regarding the consecutive nature of the sentence other than as it pertains to the issue of merger. In any case, we have reviewed the record and find the trial court made the required statutory findings for the imposition of consecutive sentences. *See* R.C. 2929.14(C)(4). Further, the record contains evidence that Fleming had a significant juvenile record, including two separate adjudications for offenses that would have constituted felonies had he committed them as an adult. He also had an extensive history of offenses committed as an adult; Fleming was sentenced to prison for four of those offenses. At the time of the offenses in this case, Fleming was under detention and being escorted to jail to await sentencing for felony offenses of aggravated trafficking in drugs and aggravated possession of drugs. Based upon this history, we cannot conclude by clear and convincing evidence that the record did not support the trial court's R.C. 2929.14(C)(4)(3)(c) finding that Fleming's history of criminal conduct demonstrated consecutive sentences were necessary to protect the public from future crime. Thus, the trial court's imposition of consecutive sentences will not be disturbed.

{¶ 22} The assignment of error is overruled.

### III. Conclusion

{¶ 23} Fleming's assignment of error being overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . .

DONOVAN, J. and LEWIS, J., concur.


Copies sent to:

Ian A. Richardson
Adam James Stout
Hon. Douglas M. Rastatter