THE STATE OF OHIO, APPELLEE, *v.*
SMITH, APPELLANT.

(No. C-830655—Decided April 25, 1984.)

*Mr. Arthur M. Ney, Jr.,* prosecuting attorney, and *Ms. Judy Mullen,* for appellee.

*Mr. Arthur E. Freeman,* for appellant.

BLACK, J. Effective March 16, 1983, the Ohio General Assembly amended the provisions of R.C. 4507.16 relating to the suspension or revocation of the driver's licenses of persons who are convicted of or plead guilty to certain listed offenses. The amendment added a provision for the "permanent" revocation of a driver's license in the event he committed a vehicular homicide while under the influence of alcohol, a drug of abuse or a combination of them. The single question is whether that added provision for "permanent" revocation is applicable to and may be imposed on an offender whose offense was committed prior to the effective date of the amendment (March 16, 1983), and whose trial was held after that date. We answer that question in the negative.

Defendant, Gary R. Smith, was charged with recklessly causing the death of another on October 4, 1982, while defendant was operating a vehicle, in violation of R.C. 2903.06. On June 20, 1983, the court found him guilty as charged, a jury having been waived, and in addition, the court found that he was under the influence of alcohol at the time of the offense. He was sentenced on August 11, 1983, at which time, his license was revoked under R.C. 4507.16(C), effective March 16, 1983, in addition to other penalties.[1] An objection was duly made to the revocation.

*Prior* to March 16, 1983, R.C. 4507.16 read in pertinent part:

"The trial judge of any court of

---

[1] The judgment entry sentenced defendant to imprisonment for two to five years and ordered him to pay costs; it then suspended the imprisonment and placed defendant on probation for four and one-half years on condition that he comply with the general conditions of probation, serve one hundred eighty days in the Community Cor-

record shall, in addition to, or independent of all other penalties provided by law or by ordinance, *suspend for not less than thirty days nor more than three years or revoke* the license of any person who is convicted of or pleads guilty to any of the following:

"(A) *Homicide by vehicle;*

"(B) *Operating a motor vehicle while under the influence of alcohol or any drug of abuse;*

"(C) Perjury or the making of a false affidavit under sections 4507.01 to 4507.39 of the Revised Code, or any other law of this state requiring the registration of motor vehicles or regulating their operation on the highway;

"(D) *Any crime punishable as a felony under the motor vehicle laws of this state or any other felony in the commission of which a motor vehicle is used;*" (Emphasis added.)

*After* March 16, 1983, R.C. 4507.16 read in pertinent part:

"(A) The trial judge of any court of record, in addition to or independent of all other penalties provided by law or by ordinance, *shall suspend for not less than thirty days nor more than three years or revoke* the operator's or chauffeur's license or permit or nonresident driving privileges of any person who is convicted of or pleads guilty to any of the following:

"* * *

"(2) Any crime punishable as a felony under the motor vehicle laws of this state or any other felony in the commission of which a motor vehicle is used;

"* * *

"(7) A violation of section 2903.06 or 2903.07 of the Revised Code, *unless the jury or judge as trier of fact in the case finds that the offender was under the influence of alcohol or any drug of abuse at the time of the commission of the offense.*

"* * *

"(B) Except as otherwise provided in this section, the trial judge of any court of record, in addition to or independent of all other penalties provided by law or by ordinance, *shall revoke the* operator's or chauffeur's *license* or permit or nonresident operating privilege *of any person who is convicted of or pleads guilty to a violation of section 4511.19 of the Revised Code or suspend the license, permit, or privilege as follows:* [Here follow provisions for various suspensions: (1) sixty days to three years if no prior violation of R.C. 4511.19 within five years; (2) one hundred twenty days to five years if one prior violation of R.C. 4511.19 within five years; and (3) one hundred eighty days to ten years, if more than one violation of R.C. 4511.19 within five years.]

"(C) The trial judge of any court of record, in addition to or independent of all other penalties provided by law or by ordinance, *shall permanently revoke* the operator's or chauffeur's license or permit or nonresident operating privileges of any person who is *convicted of a violation of section 2903.06 or 2903.07 of the Revised Code if the jury or judge as trier of fact* in the case in which the person is convicted *finds that the offender was under the influence of alcohol or any drug of abuse, or the combined influence*

---

rectional Institute, and pay restitution of $3,400.

The court's intent to impose the mandatory revocation of driver's license required under R.C. 4507.16(C), as effective March 16, 1983, is demonstrated beyond a doubt by the following notation in the judgment entry: "Drivers [*sic*] license permanently revoked. (ORC 4507.16[C])." This can refer only to the amendment of March 16, 1983, because only that amendment contains provisions for "permanent" revocation. In addition, the court expressly set forth in the record of the proceedings its determination that the statute as amended March 16, 1983 was applicable to defendant's violation and that the court permanently revoked the license under that amendment.

*of alcohol or any drug of abuse, at the time of the commission of the offense."* (Emphasis added.)

For purposes of simplicity, we shall refer to the foregoing as the 1983 amendment.

R.C. 4511.19 prohibits the operation of any vehicle if the driver is under the influence of alcohol or a drug of abuse or any combination of them, or if he has a concentration of alcohol in his blood, breath or urine in excess of certain measurements. The changes in R.C. 4511.19 and the 1983 amendment, all of which were in an Act that became effective on March 16, 1983, make clear beyond a doubt the legislative intent to strengthen the laws against "driving under the influence" (to use the common term) and to impose greater penalties on violators.

Relying on the words chosen by the legislature and the design of the 1983 amendment, we hold that while R.C. 4507.16 continues to give the court discretion about revoking or suspending the driver's licenses of certain violators listed in division (A), it imposed in division (C) a mandatory revocation[2] of the driver's license of any person who caused the death of another while operating his vehicle under the influence of alcohol or any drug of abuse or any combination of them. This mandatory provision did not exist at the time of defendant's offense.

The imposition of the mandatory revocation was error, for two reasons. First, the application of the 1983 amendment to this defendant violated the Ex Post Facto Clause of Section 10, Article I of the United States Constitution[3] and the retroactive laws provision of Section 28, Article II of the Ohio Constitution.[4] The substitution of a mandatory revocation of license, removing the possibility of any exercise of discretion by the sentencing court, changed the legal consequences of causing a death by driving while drunk, and made those consequences more onerous. It enhanced the penalty. As applied to an offense committed before the 1983 amendment, it violated the *ex post facto* laws prohibition against enhancement of penalties. Cf. *Weaver* v. *Graham* (1981), 450 U.S. 24 (it is a violation to reduce the rate of "good time" or "gain time" that shortens a convicted person's term of imprisonment for good behavior, by an enactment subsequent to sentence); *State, ex rel. Corrigan,* v. *Barnes* (1982), 3 Ohio App. 3d 40 (it is a violation to deny a felon the right to hold public office under a statute enacted after the commission of the offense); *In re Flora* (App. 1938), 27 Ohio Law Abs. 355 (it is a violation to change the place of imprisonment from a reformatory to a penitentiary under a law enacted after sentencing).

The second reason the court erred is that the proper construction of the 1983

---

[2] For the purposes of this decision, we need not determine the meaning of "permanently" in the 1983 amendment. It may, or may not, have a significance for a future application for a license made by a driver whose license has been revoked under R.C. 4507.16(C), but we are not presented with that issue. The word "permanently" seems to us to enforce our conclusion that division (C) imposes a mandatory revocation.

[3] In pertinent part, Section 10 reads:
"No State shall * * * pass any * * * ex post facto law * * *."

[4] In pertinent part, Section 28 reads:

"The general assembly shall have no power to pass retroactive laws * * *."

It is clear beyond cavil that this prohibits *ex post facto* laws, which are defined as those criminal statutes that make punishable what was innocent at the time committed, or make a crime more serious than it was when committed, or inflict a punishment greater than when committed, or eliminate a defense available when committed.

amendment is that it is prospective in operation and does not affect penalties incurred prior thereto. R.C. 1.48 requires that the 1983 amendment shall be applied prospectively, because the statute is not expressly made retrospective.[5] R.C. 1.58(A)(3) does not allow the 1983 amendment to affect any penalty or punishment incurred prior to the amendment.[6] These two statutes may be said to embody the overall legislative intention, applicable to all its enactments, about how statutes shall be interpreted and applied.

The single assignment of error has merit. We reverse those parts of the judgment below that imposed the sentence on defendant and then suspended it on certain conditions, without disturbing the finding of guilt of violation of R.C. 2903.06, and we remand this cause for resentencing.[7]

*Judgment reversed in part and cause remanded.*

SHANNON, P.J., and DOAN, J., concur.

---

[5] R.C. 1.48 reads in full:

"A statute is presumed to be prospective in its operation unless expressly made retrospective."

[6] The pertinent parts of R.C. 1.58 read:

"The reenactment, amendment, or repeal of a statute does not, * * *:

"* * *

"(3) Affect any violation thereof or penalty, forfeiture, or punishment incurred in respect thereto, prior to the amendment or repeal;"

[7] Upon resentencing, the court must abide by the law as effective on the date of the aggravated vehicular homicide. R.C. 4507.16 as then effective gave the court discretion about revocation of defendant's license, and an appellate court has no authority to exercise that discretion for the trial court. This is all the more significant when the trial court exercised discretion at the original sentencing by suspending imprisonment and placing defendant on probation for a certain period under selected conditions.