The STATE of Ohio, Appellee,

v.

DIODATI, Appellant.

[Cite as *State v. Diodati* (1991), 77 Ohio App.3d 46.]

Court of Appeals of Ohio,
Ashtabula County.

No. 90–A–1569.

Decided Sept. 3, 1991.

*Gregory J. Brown,* Prosecuting Attorney, and *Terrence Jones,* Assistant Prosecuting Attorney, for appellee.

*Robert E. Naylor,* for appellant.

---

FORD, Presiding Judge.

In June 1989, appellant, Michael E. Diodati, was cited on three different traffic violations. When he failed to appear at the pretrial hearing, a bench warrant was issued, which was executed on May 2, 1990, at which time appellant was arrested and brought before the court by Police Chief Feber.

The court set a cash bond of $2,100 on the three pending traffic violations, and remanded appellant to the custody of the Ashtabula County Sheriff pending the posting of the cash bond. Appellant was informed that the terms of release was a cash bond, and that if he was unable to post it at that time, he would be returned to the county jail.

After the adjournment of the hearing, Police Chief Feber informed appellant that he was still in the chief's custody and then immediately handcuffed

appellant. Feber and appellant proceeded to the clerk's office. Appellant requested to speak with his attorney who was present in the clerk's office; Feber removed the handcuffs for that purpose. Appellant inquired about the terms of the cash bond. Upon being informed by the clerk that it was a $2,100 cash bond, appellant ran out of the clerk's office. He was eventually tackled, handcuffed, and returned to the county jail by Police Chief Feber.

Appellant was later charged with and convicted of the offense of escape pursuant to R.C. 2921.34, from which he now appeals raising the following assignment of error.

"The trial court erred to the prejudice of Defendant–Appellant in overruling the motion of Defendant–Appellant for a directed verdict of acquittal at the conclusion of the evidence of Plaintiff–Appellee."

In the sole assignment, appellant essentially argues that a material element of escape is that a person must be under "detention." Appellant asserts that he was not under detention, but rather under "constraint incidental to release on bail," which is specifically excluded from the definition of "detention," per R.C. 2921.01(E).

The offense of escape is set out in R.C. 2921.34(A), which provides that:

"No person, knowing he is under detention or being reckless in that regard, shall purposely break or attempt to break such detention, or purposely fail to return to detention, either following temporary leave granted for a specific purpose or limited period, or at the time required when serving a sentence in intermittent confinement."

Further, "detention" is defined in R.C. 2921.01(E), which states that:

" 'Detention' means arrest, or confinement in any facility for custody of persons charged with or convicted of crime or alleged or found to be delinquent or unruly, or detention for extradition or deportation. Detention does not include supervision of probation or parole, nor constraint incidental to release on bail."

Appellate courts have constructed the word detention as follows:

"The word 'detention' as used in R.C. 2921.01(E) does not signify a place or a means of confinement, but rather it is an abstract term which signifies a status. * * * It constitutes the state of being held in some form of legal custody. * * * The breaking of detention as prohibited by R.C. 2921.34(A) is the termination of the status of being in legal custody, either with or without the use of force, and when it is done purposely the offense of escape has been committed. * * *" (Citations omitted.) *State v. Smith* (1985), 29 Ohio App.3d 194, 195, 29 OBR 237, 239, 504 N.E.2d 1121, 1123.

Moreover, the Ohio Supreme Court later expounded on the meaning of "detention" in *State v. Reed* (1981), 65 Ohio St.2d 117, 19 O.O.3d 311, 418 N.E.2d 1359, and held that: "A person is under 'detention' as that term is used in R.C. 2921.34, when he is arrested and the arresting officer has established control over his person." *Id.* at 123, 19 O.O.3d at 315, 418 N.E.2d at 1363. The unrefuted testimony in the record here demonstrates that at the hearing regarding the traffic violations, the court set the terms of bail as "cash only," and remanded appellant to the chief of police's custody. Chief Feber immediately informed appellant that he was under arrest, and placed him in handcuffs. Appellant then accompanied the chief to the clerk's office. Upon learning the amount of the cash bond, appellant fled the clerk's office. Therefore, pursuant to *Reed* and *State v. Shook* (1975), 45 Ohio App.2d 32, 74 O.O.2d 71, 340 N.E.2d 423, appellant was clearly arrested and Chief Feber had verbally and physically established control over appellant's person at the time appellant fled. In a similar appellate case, *State v. Stiver* (May 7, 1990), Licking App. No. 3498, unreported, 1990 WL 62955, the defendant ran out of the courtroom after an extradition hearing, in which the court set a cash bond, and appellant was placed in the sheriff's custody to be released to the proper state authorities for extradition. Upon hearing the court's order, and prior to posting bond, the defendant fled the courtroom. Appellant was thereafter indicted and convicted of the offense of escape. On appeal, the appellate court held that "[i]t is clear to us that prior to posting bond (which was never done), and after hearing the order of the court ordering extradition, the appellant was under 'detention'." (Citing *Shook, supra.*) *Id.* at 4.

The holding in *Stiver* appears to be persuasive inasmuch as, in the instant case, appellant likewise fled the clerk's office prior to posting bond, and after hearing the order of the court which remanded appellant to the custody of the county jail pending the posting of the cash bond.

Appellant was at that point under "detention" and not "constrained incidental to release on bail" as he asserts. *Stiver, supra,* at 5.

Thus, the trial court's conclusion that appellant was under detention, and purposely broke detention when he fled from the clerk's office, is supported by the evidence in the record, such that reasonable minds could come to but one conclusion per Civ.R. 50(A)(4).

■ Although we have concluded that appellant was under detention within the meaning established by the Ohio Supreme Court in *Reed, supra,* we find it necessary to briefly address appellant's argument that he was under "constraint incidental to release on bail" which is expressly excluded from the definition of detention.

The pertinent sentence in the definition of "detention" reads as follows:

" * * * Detention does not include supervision of probation or parole, nor constraint incidental to release release on bail." R.C. 2921.01(E).

Appellant construes "constraint incidental to release on bail" as the temporary physical detainment that occurs prior to the actual posting of the bond.

It appears to this court that this portion of the definition must be construed as having nothing to do with any physical detainment. When read in context with the forepart of the sentence regarding probation and parole supervision, it is only logical to conclude that "constraint" in this context pertains to some type of restriction or condition which has been placed on an accused (which would be applicable after his formal release from custody) and would be a condition of his bail. These conditions of bail, such as restrictions on the travel, association, or place of abode of the person during the period of release, are similar to the requirements to communicate and keep in contact with a probation or parole officer when a person is under such supervision.

Supervision of probation and parole, as well as constraint incidental to release, all may restrict a person's freedom to some degree, in some aspect while he is out on bail; but this type of limited intrusion or constraint does not fall within the intended meaning of detention. Therefore, it was expressly excluded in the definition. As such, when read in context, the more appropriate construction of "constraint incidental to release on bail" is that it refers to some restriction, limit or regulation placed on an accused as a condition of bail, *during* the actual release from jail.

Accordingly, since appellant was under detention at the time that he fled the custody of Feber, he was properly found guilty of the offense of "escape." Thus, the assignment is, therefore, without merit.

For the foregoing reasons, the judgment of the trial court is affirmed.

*Judgment affirmed.*

CHRISTLEY and BASINGER, JJ., concur.

RANDALL L. BASINGER, J., of the Putnam County Common Pleas Court, sitting by assignment.