JOURNAL ENTRY AND OPINION
Defendant/appellant Nicholas Glaude appeals his conviction for escape, R.C. 2921.34, which was predicated on Glaude's violation of the terms of his parole. Because we conclude that Glaude was not under detention as defined by the statute applicable to Glaude's parole, we vacate his escape conviction but remand the matter for further proceedings pursuant to Chapter 2967 of the Ohio Revised Code.
The record reflects that after being sentenced to three to fifteen years for a 1990 burglary conviction, Claude was placed on parole on June 25, 1996. Between December 12, 1996 and March 10, 1997, Glaude failed to report to his parole officer on ten separate occasions. Glaude's failure to report prompted twenty-five telephone calls and/or visits by his parole officer. Claude was required to complete a drug treatment program and an aftercare program at a halfway house, and though he completed the former, he did not complete the aftercare program. Glaude tested positive for cocaine on February 27, 1997, and admitted to having used drugs on two other occasions, in obvious violation of the terms of his parole. On March 5 and 6, 1997, Claude's parole officer ordered him to present himself so that Claude could be entered into a drug treatment program. Claude failed to appear on either day. After several unsuccessful attempts to locate Claude, he was declared a parole violator-at-large on March 10, 1997.
Claude was indicted on or about June 23, 1997 on a single count of escape, R.C. 2921.34. His motion to dismiss the charge was overruled and he subsequently entered a plea of no contest to the indictment. He was sentenced to two years of community control under the supervision of the adult probation department and was ordered to complete certain drug treatment programs.
Claude's appeal maintains that his conviction for escape cannot stand under the statutes applicable to his parole. His first assignment of error contends:
 THE TRIAL COURT ERRED WHEN IT OVERRULED THE APPELLANT'S MOTION TO DISMISS THE INDICTMENT ON STATUTORY GROUNDS FOR FAILING TO FIND THAT THE APPELLANT COULD NOT ESCAPE FROM DETENTION FROM THE DEPARTMENT OF REHABILITATION AND CORRECTION WHEN THE DEPARTMENT OF REHABILITATION AND CORRECTION DOES NOT HAVE ITS PAROLEES UNDER THE DEGREE OF CONTROL THAT A WARDEN WOULD WHEN CONFINING AN INMATE IN A CORRECTIONAL FACILITY.
Because we are convinced that Claude's parole cannot be considered "detention" under the controlling statutory law, we conclude that his parole violations could not subject him to prosecution for escape under R.C. 2921.34 but that he remains susceptible to further proceedings for his parole violations under Chapter 2967 of the Revised Code.
At all relevant times, "escape" as proscribed by R.C. 2921.34
(A) (1) has been defined as follows:
 No person, knowing the person is under detention or being reckless in that regard, shall purposely break or attempt to break the detention, or purposely fail to return to detention, either following temporary leave granted for a specific purpose or limited period, or at the time required when serving a sentence in intermittent confinement. (Emphasis added.)
At the time Claude was placed on supervised parole, R.C. 2921.01
(E) defined "detention" as follows:
 "Detention" means * * * supervision by an employee of the department of rehabilitation and correction of a person on any type of release from a state correctional institution other than release on parole or shock probation. * * * Detention does not include supervision of probation or parole.
* * * (Emphasis added.)
The courts have generally equated "detention" under R.C. 2921.01
(E) with the condition of being in legal custody. See State v.Reed (1981), 65 Ohio St.2d 117; State v. Diodati (1991),77 Ohio App.3d 46; State v. Smith (1985), 29 Ohio App.3d 194.
The statutory definition of "detention," however, was amended by House Bill No. 154, effective October 4, 1996. Codified under R.C. 2921.01 (E), this amendment provided:
 "Detention" means * * * supervision by an employee of the department of rehabilitation and correction of a person on any type of release from a state correctional institution.
In the case at bar, Claude plainly was not under "detention" as that term was defined when he was placed on parole on June 25, 1996. Claude's subsequent violations of the terms and conditions of his parole would not have subjected him to prosecution for escape in breaking detention but for the October 4, 1996 amendment to R.C. 2921.01 (E), which redefined a parolee's relation with the state from being not under "detention" to being under "detention." The question for us is whether the terms and conditions of Claude's parole could be altered by the October 4, 1996 amendment to R.C. 2921.01 (E).
Under R.C. 1.48, "[a] statute is presumed to be prospective in its operation unless expressly made retrospective." See, e.g.,State v. Cook (1998), 83 Ohio St.3d 404, 410. Amendments to statutes generally operate prospectively under R.C. 1.58.[1]
See, e.g., State v. Smith (1984), 16 Ohio App.3d 114.
Applying these general rules of statutory construction to the statute at issue here, we observe nothing in the text of amended R.C. 2921.01 — or anywhere else in House Bill No. 154, 146 Ohio Laws, Part II, 2213, for that matter — which suggests that the General Assembly intended for the amended R.C. 2921.01
(E) to apply to circumstances pre-dating its October 4, 1996 effective date. Because there appears to be no such indication, we do not believe that amended R.C. 2921.01 (E) may be applied in these circumstances to substantively alter Claude's legal relation with the state.
To be sure, a prisoner who has been placed on parole does not regain all the rights and privileges that were forfeited upon incarceration and remains subject to the rules and conditions of the conditional release. The prisoner who accepts those terms is bound by those terms. In State v. Benton (1998), 82 Ohio St.3d 316, the court held that a parolee was bound by his agreement consenting to warrantless searches by parole officers at any time as a condition of his parole. The Benton court ruled that the subsequent enactment of R.C. 2967.131 (B). which required field officers to have reasonable grounds to suspect a parole violation before conducting a warrantless search, did not alter the terms and conditions that Benton had previously accepted. Id.,82 Ohio St. 3d at 319, n. 3. By the same reasoning, we do not believe that the subsequent amendment to R.C. 2921.01 (E) could alter the terms and conditions of Claude's pre-existing parole. In our view, the terms and conditions of Claude's parole were controlled by the statutory law that was in effect when Claude and the state came to terms. Cf. Ross v. Farmers Ins. Group of Cos. (1998),82 Ohio St.3d 281, 287-289 (rights and duties of contracting parties are controlled by statutory law in effect at time of contract and are not altered by subsequent legislative enactments) [2]
Had Claude been paroled after October 4, 1996, we would be inclined to agree that his legal status with the state would be governed by amended R.C. 2921.01 (E) and that his subsequent parole violations would have subjected him to prosecution for escape. Accord State v. Bishop (Oct. 9, 1998), Greene App. No. 98 CA 3, unreported.[3] But because Claude was paroled prior to the October 4, 1996 amendment, the terms and conditions of his parole were fixed by the law in place at the time of his release on June 25, 1996 and were not altered by the October 4, 1996 amendment to R.C. 2921.01 (E).
We conclude as a matter of statutory construction that Claude was not under "detention" while he was on parole and that he could not be deemed by legislative fiat to be under detention thereafter. Indeed, nothing in the record suggests that Claude had any notice that his relation with the state may have been substantively altered by the amended legislation. Because Claude was not under detention while on parole, it follows that he was not subject to prosecution for escape for breaking detention under R.C. 2921.34. At the same time, Claude remains subject to sanctions for any violation of his parole pursuant to Chapter 2967 of the Ohio Revised Code.
We accordingly sustain Claude's first assignment of error, vacate his conviction for escape, and remand the matter for further proceedings pursuant to R.C. Chapter 2967.
Claude's second assignment of error states:
 THE TRIAL COURT ERRED WHEN IT FAILED TO FIND R.C. 2921.34 UNCONSTITUTIONAL AS A VIOLATION OF ARTICLE I. SECTION 10, OF THE EX POST FACTO CLAUSE OF THE UNITED STATES CONSTITUTION.
Because we have already concluded that Claude was not subject to prosecution for escape, our disposition of Claude's first assignment of error renders his second assignment of error moot. But because we find the second assignment of error to be without merit in any event, we will address it for purposes of judicial economy.
Article I, Section 10 of the United States Constitution forbids the state from passing any ex post facto laws. To violate the ex post facto clause, the law must be retrospective so that it applies to events occurring before its enactment and it must disadvantage the person affected by altering the definition of criminal conduct or increasing the punishment for the crime. Lynce v. Mathis (1997), 519 U.S. 433;Weaver v. Graham (1981), 450 U.S. 24, 29. The clause prohibits the enactment of any law that criminalizes conduct which was innocent and not punishable at the time it was committed; or that makes the crime more serious than it was when committed; or that inflicts a greater punishment than that prescribed at the time the crime was committed; or that alters the legal rules of evidence either by requiring less or different evidence in order to convict or by eliminating a defense available when the crime was committed.Beazell v. Ohio (1925), 269 U.S. 167; Calder v. Bull
(1798), 3 Dall. 386; State v. Dolce (1993), 92 Ohio App.3d 687.
But while we do not believe that Claude was subject to prosecution for escape under R.C. 2921.34, we would not find that statute to violate the ex post facto clause under these circumstances if Claude were subject to prosecution for escape. The escape offense under which Claude was charged was effective July 1, 1996. And as we previously noted, amended R.C. 2921.01
(E) became effective October 4, 1996. Claude's first parole violation occurred on or about December 12, 1996. It is readily apparent that neither statute would have been applied retroactively to conduct occurring prior to their respective effective dates, so neither statute would violate the ex postfacto clause. But because we have determined as a matter of statutory construction that Claude was not subject to an escape prosecution for his parole violations, we conclude that Claude's second assignment of error is moot.
Based on our disposition of Claude's first assignment of error, the judgment is vacated and the cause will be remanded for further proceedings.
It is, therefore, ordered that appellant recover of appellee his costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANNE L. KILBANE, J., CONCURS
JAMES M. PORTER, A.J., DISSENTS
(See Dissenting Opinion). _________________________ DIANE KARPINSKI JUDGE
[1] R.C. 1.58 provides:
(A) The reenactment, amendment, or repeal of a statute does not, except as provided in division (B) of this section:
(1) Affect the prior operation of the statute or any prior action taken thereunder;
(2) Affect any validation, cure, right, privilege, obligation, or liability previously acquired, accrued, accorded, or incurred thereunder;
(3) Affect any violation thereof or penalty, forfeiture, or punishment incurred in respect thereto, prior to the amendment or repeal;
(4) Affect any investigation, proceeding, or remedy in respect of any such privilege, obligation, liability, penalty, forfeiture, or punishment; and the investigation, proceeding, or remedy may be instituted, continued, or enforced, and the penalty, forfeiture, or punishment imposed, as if the statute had not been repealed or amended.
(B) If the penalty, forfeiture, or punishment for any offense is reduced by a reenactment or amendment of a statute, the penalty, forfeiture, or punishment, if not already imposed, shall be imposed according to the statute as amended.
[2] The dissent cites State v. Cook, supra, to suggest that the legislature may impose new obligations or restrictions on persons who were convicted previously of criminal offenses. But unlike the remedial non-punitive registration requirement in Cook that expressly applied retrospectively, we have no legislative direction to apply amended R.C. 2921.01 (E) retrospectively and alter a preexisting legal relation that seemingly had a reasonable expectation of finality. So while past conduct may fairly have future consequences, we conclude after Benton that a deal is still a deal.
[3] Because amended R.C. 2921.01 (E) does not control Claude's parole under our analysis, it is unnecessary for us to consider alternatively whether that statute conflicts with former R.C.2967.15 (C) (2), which, until March 17, 1998, excluded persons released on parole from being considered "in custody" and subject to prosecution for escape. We therefore have no need to resolve any perceived statutory conflict that other courts using a different analysis have considered. See State v. Schultz (Aug. 7, 1998), Hamilton App. No. C-970954, unreported; State v. Conyers
(July 17, 1998), Lucas App. No. L-97-1327, unreported.