OPINION
{¶ 1} In this accelerated calendar case, appellant, Judy Wike, appeals from the decision of the Portage County Court of Common Pleas granting appellee, Kappa Drive Associates, summary judgment on appellant's claim for negligence.
 {¶ 2} On December 26, 2000, appellant, along with Sandra Rumsey and Jack Rumsey, filed a complaint in the Portage County Court of Common Pleas against appellee and Giant Eagle, Inc.[1] Appellant's claims originated from ankle injuries she sustained as a result of a pothole in Giant Eagle's parking lot. Appellee was named as a defendant due to its ownership and control of the parking lot. In count three of the complaint, appellant alleged that her ankle injuries were proximately caused by: (1) appellee's failure to reasonably inspect the premises; (2) appellee's failure to maintain the premises free and clear of unreasonably dangerous conditions; (3) appellee's failure to warn pedestrians of unreasonably dangerous conditions; and (4) negligence in the design of the parking lot.
 {¶ 3} Appellee filed a motion for summary judgment on March 18, 2002, as to appellant's claims in count three of the complaint. In its motion for summary judgment, appellee argued that it was entitled to summary judgment because the pothole was an open and obvious danger. Appellee also provided portions of appellant's deposition testimony to demonstrate appellant had failed to prove that appellee's employees caused the pothole or that appellee had actual or constructive knowledge of the pothole.
 {¶ 4} In response to appellee's motion for summary judgment, appellant filed with the trial court a brief in opposition and a copy of her deposition testimony. Appellant's deposition testimony disclosed the following facts. On April 7, 1999, between approximately 11:00 a.m. and 1:00 p.m., appellant arrived at a Giant Eagle store located at 787 East Main Street, Ravenna, Ohio. The purpose of appellant's visit was to conduct a sales call for her employer, Advantage Sales and Marketing. Appellant exited her vehicle and proceeded toward the store generally looking forward for traffic and pedestrians. As she approached the front door, her foot fell into a pothole that was roughly one foot by one foot and six inches deep. As a result, appellant sustained various ankle injuries.
 {¶ 5} Appellant's brief in opposition argued that based uponTexler v. D.O. Summers Cleaners Shirt Laundry Co., 81 Ohio St.3d 677,1998-Ohio-602, the open and obvious doctrine was no longer a viable defense in premises liability actions. In the alternative, appellant maintained that even if the open and obvious doctrine was a viable defense, whether or not the pothole was actually open and obvious was a question for the jury.
 {¶ 6} On May 14, 2002, the trial court modified its previous journal entry and granted summary judgment in favor of appellee.[2] The trial court gave no basis for its decision other than there was an absence of a genuine issue of material fact. The trial court did, however, clarify that this judgment was a final appealable order and there was no just reason for delay of appeal.
 {¶ 7} From this judgment, appellant filed a notice of appeal with this court, advancing one assignment of error for our consideration:
 {¶ 8} "The trial court erred in granting summary judgment in favor of Kappa Drive Associates."
 {¶ 9} Before addressing the merit of appellant's assignment of error, we will set forth the appropriate standard of review.
 {¶ 10} An appellate court reviews a trial court's decision on a motion for summary judgment de novo. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105. Under Civ.R. 56, summary judgment is appropriate when: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can reach only one conclusion, which is adverse to the party against whom the motion is made, such party being entitled to have the evidence construed most strongly in their favor. Civ.R. 56; Mootispawv. Eckstein (1996), 76 Ohio St.3d 383, 385; Leibreich v. A.J.Refrigeration, Inc. (1993), 67 Ohio St.3d 383, 385.
 {¶ 11} Material facts are defined as facts that might affect the outcome of the suit under the governing law of the case. Turner v.Turner (1993), 67 Ohio St.3d 337, 340, citing Anderson v. Liberty Lobby,Inc. (1986), 477 U.S. 242, 248. To ascertain what constitutes a genuine issue, the court must resolve whether the evidence presents a sufficient disagreement to require submission to a jury, or whether it is so one-sided that one party must prevail as a matter of law. Turner at 340.
 {¶ 12} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential elements of the nonmoving party's claim. Dresher v. Burt (1996), 75 Ohio St.3d 280. Accordingly, the moving party must point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving parties claim. Id. If the moving party satisfies its initial burden under Civ.R. 56(C), the burden shifts to the nonmoving party to respond as provided in the rule, so as to demonstrate that there is no genuine issue of a material fact. Id. However, if the nonmoving party fails to meet this burden, then summary judgment may be entered against that party. Id.
 {¶ 13} Now we will turn our attention to appellant's arguments on appeal. The majority of appellant's appellate brief contends that the open and obvious doctrine is no longer a viable defense to a claim of negligence due to the Supreme Court of Ohio's decision in Texler. Appellant argues that Texler has absolved the open and obvious doctrine, and it has been replaced with the comparative negligence doctrine. Additionally, appellant acknowledges that there is currently a conflict among Ohio's courts of appeals regarding whether Texler abrogated the open and obvious doctrine, and appellant requests that we delay any decision until this conflict has been resolved.[3]
 {¶ 14} A preliminary issue that must first be determined is whether appellant set forth evidence of the type listed in Civ.R. 56(C) to overcome appellant's motion for summary judgment. To establish a claim for negligence, appellant must prove the following: "(1) that appellee owed a duty to appellant; (2) that appellee breached that duty; (3) that appellee's breach of duty directly and proximately caused appellant's injury; and (4) damages." Kornowski v. Chester Properties, Inc. (June 30, 2000), 11th Dist. No. 99-G-2221, 2000 Ohio App. LEXIS 3001, at 7.
 {¶ 15} At no time do the parties in this action dispute appellant's status as a business invitee. A business invitee is defined as "a person who comes upon the property by express or implied invitation for some purpose which is beneficial to the owner." Owens v. Taco BellCorp. (June 21, 1996), 11th Dist. No. 95-L-180, 1996 Ohio App. LEXIS 2579, at 6-7, citing Provencher v. Ohio Dept. of Transp. (1990),49 Ohio St.3d 265.
 {¶ 16} It is well-established by Ohio law that a merchant is under a duty to maintain its premises in a reasonably safe condition and warn business invitees of latent or concealed defects of which the merchant has knowledge or should have knowledge. Kubiszak v. Rini's Supermarket
(1991), 77 Ohio App.3d 49. A merchant is not, however, an insurer of a business invitee's safety. Paschal v. Rite Aid Pharmacy, Inc. (1985),18 Ohio St.3d 203.
 {¶ 17} "[I]n order to impose liability for injury to an invitee because of a dangerous condition of the premises * * *, the condition must have been known to the owner or occupant, or have existed for such a time that it was the duty of the owner or occupant to know of it." Tiberiv. Fisher Bros. Co. (1953), 96 Ohio App. 302, 303. See, also, Presley v.Norwood (1973), 36 Ohio St.2d 29.
 {¶ 18} Thus, in order for appellant to prevail in this case as a business invitee, one the following factors must be established:
 {¶ 19} "`1. That the defendant through its officers or employees was responsible for the hazard complained of; or
 {¶ 20} `2. That at least one such persons had actual knowledge of the hazard and neglected to give adequate notice of its presence or remove it promptly; or
 {¶ 21} `3. That such danger had existed for a sufficient length of time reasonably to justify the inference that the failure to warn against it or remove it was attributable to a want of ordinary care.'" Owens, at 8, quoting Johnson v. Wagner Provision Co. (1943), 141 Ohio St. 584,589.
 {¶ 22} With respect to the first factor, appellant fails to present any evidence demonstrating that appellee created the pothole. As to the second factor, no evidence was submitted to show that any of appellee's employees or agents actually knew of the pothole prior to appellant's injury. For example, there was no evidence of recent complaints. To the contrary, during her deposition appellant gave the following testimony:
 {¶ 23} "Q. Okay. Did John Mazcko [store manager] or anyone else you've spoken to give you any indication they knew it [the pothole] was there?
 {¶ 24} "A: No, not that I recall talking about it.
 {¶ 25} "Q. Okay. After you told them that you had fallen, do you remember him having conversations with anyone else in your — in the vicinity of where you were still about that pothole?
 {¶ 26} "A. I don't recall."
 {¶ 27} Finally, as to the third factor, appellant has failed to set forth any evidence that confirms the length of time the pothole existed or that it was attributable to a want of ordinary care. Again, during appellant's deposition testimony she stated:
 {¶ 28} "Q. As you sit here today, you don't know how long that pothole was there or nor did anybody else tell you how long that pothole was there?
 {¶ 29} "A. Correct."
 {¶ 30} In order to establish appellee's constructive notice of the pothole, appellant must show some evidence as to the length of time the hazard was present. See, e.g., Day v. Finast Supermarkets (May 14, 1999), 11th Dist. No. 97-T-0229, 1999 Ohio App. LEXIS 2192, at 4. As mentioned previously, appellant's deposition testimony approximated the size of the pothole to be one foot by one foot and six inches deep. Appellant, however, failed to provide any evidence, such as an expert's affidavit, regarding the time span necessary to create a pothole that size. Further, there was no evidence of any industry standard as to the manner and frequency in which a commercial retail parking lot should be inspected.
 {¶ 31} Thus, the size of this particular pothole was by itself insufficient for a fact finder to infer that it had been there for an unreasonable amount of time. This is particularly so when the accident occurred in early April in Northeast Ohio as opposed to late August.
 {¶ 32} In this motion for summary judgment, appellant had to demonstrate a material issue of fact as to notice. She did not. Instead, she simply implied the store ought to have known. Mere speculation does not create a material issue of fact.
 {¶ 33} An owner owes business invitees a duty of ordinary care, which includes the duty "to maintain the premises in a reasonably safe condition and to warn invitees of any latent [or concealed] defects ofwhich the owner has or should have knowledge." (Emphasis added.)Kornowski, at 8-9. Assuming, arguendo, that there was evidence that the pothole was latent or concealed, appellant failed to present any evidence demonstrating that appellee knew or should have known of the hidden danger. As previously indicated, there was no evidence of other similar complaints; there was no evidence of inspection standards; there was no evidence regarding the length of time the pothole existed, approximate or otherwise; and there was no evidence of any industry standard regarding a duty to inspect.
 {¶ 34} Regardless of appellant's argument with respect to the open and obvious doctrine, appellant has failed to demonstrate, through evidence of the type listed in Civ.R. 56(C), one of the necessary factors to overcome appellee's motion for summary judgment.
 {¶ 35} Based on the foregoing analysis, appellant's lone assignment of error is without merit, and the trial court did not err in granting appellee's motion for summary judgment. Accordingly, the judgment of the trial court is affirmed.
Judgment affirmed.
DIANE V. GRENDELL and CYNTHIA WESTCOTT RICE, JJ., concur.
[1] In count one and count two of the complaint, Sandra Rumsey and Jack Rumsey were seeking damages for injuries sustained by Sandra Rumsey for a slip and fall due to an alleged unnatural accumulation of snow and ice in the Giant Eagle parking lot.
[2] In its original journal entry, dated May 6, 2002, the trial court misidentified the parties to whom summary judgment was granted.
[3] Subsequent to the filing of appellant's brief, the Supreme Court of Ohio resolved this conflict in Armstrong v. Best Buy Co., Inc.,99 Ohio St.3d 79, 2003-Ohio-2573. The Court stated, "Texler does not even address the open-and-obvious doctrine, let alone abrogate this rule." Id. at ¶ 9. As a result, the Court held that "the open and obvious doctrine remains viable in Ohio." Id. at 14.