DECISION.
{¶ 1} On May 24, 1984, Terry Prosser entered a guilty plea to aggravated vehicular homicide, in violation of R.C. 2903.06. On June 21, 1984, the trial court sentenced Prosser to a six-month prison term and permanently revoked his driving privileges, pursuant to R.C. 4507.16(C), because Prosser was under the influence of alcohol at the time he committed the offense.
 {¶ 2} In July 1984, the trial court denied Prosser's motion under R.C. 2947.061 to suspend execution of his sentence. In September 1987, the court denied Prosser's motion to restore his driver's license. In September 1989, the court denied Prosser's motion for reconsideration of his driving privileges. In April 1993, the court denied Prosser's application for expungement of his conviction.
 {¶ 3} On September 7, 2001, Prosser again applied to the court for expungement of his conviction, pursuant to R.C. 2953.32. In February 2002, the court granted Prosser's motion for expungement, over the state's objection. In April 2002, Prosser filed a motion to mitigate.[1]
In February 2003, the court granted Prosser's motion, thereby restoring Prosser's driving privileges. The state now appeals.
 {¶ 4} In its first assignment of error, the state argues that the trial court lacked jurisdiction to grant Prosser's application for expungement because a final discharge, as required by R.C. 2953.32, had not occurred. While we agree that the trial court lacked jurisdiction to grant the application, we do so for a different reason than that asserted by the state.
 {¶ 5} Pursuant to R.C. 2953.32, a first-time offender may apply to the trial court for the sealing of his conviction record. But, pursuant to R.C. 2953.36, certain offenses are excluded from the record-sealing process. The Supreme Court of Ohio has held that the statutory law in effect at the time of the filing of an application to seal a record of conviction is controlling.[2] The version of R.C. 2953.36(A) in effect at the time Prosser filed his application stated that expungement was not available for convictions involving a mandatory term of incarceration.[3]
 {¶ 6} An offender is subject to a mandatory prison term when the offender is not eligible for probation.[4] So if an offender is ineligible for probation, the offender cannot have his record of conviction sealed.[5] Under former R.C. 2903.06(C), an offender who committed the offense while driving under the influence of alcohol was ineligible for probation.[6] Because the trial court found that Prosser was under the influence of alcohol at the time of the offense, he was convicted of a nonprobationable offense, and the record of his conviction could not have been sealed. Accordingly, we hold that the expungement of Prosser's record of conviction was improper under R.C. 2953.36(A).
 {¶ 7} This court has held that, in order for the trial court to have jurisdiction to expunge the record of a conviction, the applicant must be a first offender.[7] "If, at any time subsequent to the granting of the expungement, the court becomes aware that the applicant was not a first offender at the time of the application, then the expungement is void and must be vacated, the court having lacked jurisdiction to grant the expungement in the first place."[8] Just as R.C. 2953.32 prohibits a non-first offender from filing an application for expungement, R.C. 2953.36(A) excludes from expungement eligibility any offender who is subject to a mandatory prison term. Because the court lacked jurisdiction to grant the expungement in the first place, then the expungement is void and must be vacated.[9] Therefore, we sustain the first assignment of error.
 {¶ 8} In its second assignment of error, the state argues that the trial court erred by granting Prosser's motion to restore his driving privileges. We agree.
 {¶ 9} In June 1984, Prosser's driving privileges were permanently revoked pursuant to R.C. 4507.16(C). At the time, R.C. 4507.16(C) mandated permanent revocation of driving privileges for those persons convicted of aggravated vehicular homicide.[10] At the time of his conviction, R.C. 4507.16(C) provided, "The trial judge of any court of record, in addition to or independent of all other penalties provided by law or by ordinance, shall permanently revoke the operator's or chauffeur's license or permit or nonresident operating privileges of any person who is convicted of a violation of section 2903.06 or 2903.07 of the Revised Code if the jury or judge as trier of fact in the case in which the person is convicted finds that the offender was under the influence of alcohol or any drug of abuse, or the combined influence of alcohol or any drug of abuse, at the time of the commission of the offense."[11]
 {¶ 10} In State v. White,[12] the Supreme Court of Ohio noted that, because the term "revoke" was not defined in the Revised Code, the term should be given its "common, everyday meaning."[13] "`Revocation' * * * is a permanent taking without the expectation of reinstatement."[14]
 {¶ 11} "Ohio trial courts do not possess the inherent authority to suspend, cancel, or modify a criminal sentence once that sentence has been executed, absent specific statutory authority to do so."[15] Where a sentence of permanent revocation of driving privileges is statutorily mandated and imposed, a trial court may not later modify its sentence to restore driving privileges.[16] In this case, the trial court erred by restoring Prosser's driving privileges, following the permanent revocation of those privileges pursuant to R.C. 4507.16(C). Therefore, we sustain the second assignment of error.
 {¶ 12} Accordingly, we reverse the judgment of the trial court and remand this case for the entry of orders denying Prosser's application for expungement and denying Prosser's motion to restore his driving privileges.
Judgment reversed and cause remanded.
Sundermann, P.J., and Hildebrandt, J., concur.
[1] The motion is not contained in the record, but it is referred to by the state in its memorandum in opposition to the motion to mitigate, filed on September 30, 2002, and by the trial court in its decision and entry on the motion.
[2] State v. LaSalle, 96 Ohio St.3d 178, 2002-Ohio-4009,772 N.E.2d 1172.
[3] See R.C. 2953.36(A).
[4] State v. Simon, 87 Ohio St.3d 531, 2000-Ohio-474,721 N.E.2d 1041.
[5] Id.
[6] See former R.C. 2903.06, Am.Sub.H.B. No. 432, 139 Ohio Laws 927, effective Mar. 16, 1983.
[7] See State v. Bundy, 1st Dist. No. C-020411, 2003-Ohio-56; Statev. Coleman (1997), 117 Ohio App.3d 726, 691 N.E.2d 369.
[8] See Bundy, supra.
[9] Id.
[10] See State v. White (1987), 29 Ohio St.3d 39, 40-41, 505 N.E.2d 632, citing State v. Smith (1984), 16 Ohio App.3d 114, 474 N.E.2d 685.
[11] See R.C. 4507.16, Am.Sub.H.B. No. 432, 139 Ohio Laws 927, effective Mar. 16, 1983; see, also, State v. Smith (1984),16 Ohio App.3d 114, 474 N.E.2d 685.
[12] (1987), 29 Ohio St.3d 39, 505 N.E.2d 632.
[13] White at 40, 505 N.E.2d 632.
[14] Id.
[15] State v. Rowe (1997), 118 Ohio App.3d 121, 123, 691 N.E.2d 1140;Akron v. Smith (1992), 82 Ohio App.3d 57, 611 N.E.2d 435.
[16] See Rowe, supra; State v. Patterson, 8th Dist. No. 82381, 2003-Ohio-4946; State v. Schultz (Dec. 9, 1998), 4th Dist. No. 98CA07; see, also, State ex rel. Fink v. Registrar, Ohio Bur. of Motor Vehicles
(Sept. 14, 1998), 12th Dist. No. CA98-02-021.