DECISION AND JUDGMENT ENTRY
{¶ 1} The state of Ohio appeals the decision of the Lucas County Court of Common Pleas that modified Robert Raitz's sentence and granted him occupational driving privileges. Because the trial court lacked the authority to grant such a request following a conviction for aggravated vehicular homicide, we reverse.
 {¶ 2} Raitz was charged in an October 23, 2002 information with violating R.C. 2903.06(A)(2), (B), and (C) — aggravated vehicular homicide, a felony of the third degree, and R.C.2903.08(A)(2), (B), (C) — vehicular assault, a felony of the fourth degree. He eventually pled guilty to these charges and was sentenced to four years of community control with a three year driver's license suspension for the aggravated vehicular homicide conviction and a one year suspension for the vehicular assault conviction. On March 7, 2003, Raitz filed a motion to modify his sentence, which requested, in part, occupational driving privileges. He sought the ability to drive from home to work and back during his license suspension. The trial court granted his motion on April 29, 2003.
 {¶ 3} The state of Ohio appealed, raising a single assignment of error: "Under R.C. 2903.06(B)(1) and R.C. 4507.16(A)(2), the trial court must suspend the driver's license of anyone who violated R.C. 2903.06(A)(2) for at least three years. The trial court lacks the authority either to consider or to grant a request for occupational driving privileges in this context."
 {¶ 4} The state contends that neither R.C. 2903.06 nor its companion statute, R.C. 4507.16, permits a trial court to grant a defendant's request for occupational driving privileges following a conviction for aggravated vehicular homicide. Specifically, the state maintains that the statutory language should be strictly construed so as not to permit a trial court to grant occupational driving privileges.
 {¶ 5} Ohio trial courts do not possess the authority to modify a criminal sentence that has been imposed unless there is specific statutory authority to do so. State v. Hutchison (Apr. 27, 2001), 2nd Dist. No. 18451; State v. Rowe (1997),118 Ohio App.3d 121, 123; State v. Hibbler (Dec. 29, 2000), 6th Dist. No. L-00-1240. Since we have been called upon to review an issue of statutory construction, we do so de novo. State v. Schultz
(Dec. 9, 1998), 4th Dist. No. 98CA07.
 {¶ 6} This appeal concerns whether occupational privileges are allowed under R.C. 2903.06 and R.C. 4507.16 after an individual is found guilty of aggravated vehicular homicide. As it was in effect when Raitz was found guilty, R.C. 2903.06(B)(1) stated that a person who violates R.C. 2903.06(A)(2), aggravated vehicular homicide with a mens rea of recklessness, shall be punished according to the guidelines set forth in R.C.2903.06(B)(1)(a) and (b). The punishment for the third degree felony of aggravated vehicular homicide was found at R.C.2903.06(B)(1)(b): "In addition to any other sanctions imposed, the court shall suspend the offender's driver's license * * * for a definite period of three years to life pursuant to section4507.16 of the Revised Code."[1]
 {¶ 7} In turn, R.C. 4507.16(A)(2), as it then existed, stated: "Subject to division (D)(1) of this section, the trial judge of any court of record, in addition to or independent of all other penalties provided by law or ordinance, shall suspend the driver's * * * license * * * of any person who is convicted of or pleads guilty to a violation of section 2903.06 or 2903.08
of the Revised Code. The suspension shall be for the period of time specified in section 2903.06 or 2903.08 of the Revised Code, whichever is applicable."[2]
 {¶ 8} As they applied before January 2004, moreover, neither R.C. 2903.06 nor R.C. 4507.16 allowed a trial court to grant occupational privileges after imposing a suspension upon someone convicted of aggravated vehicular homicide when the driver was not under the influence of alcohol.[3] R.C. 4507.16 did explain who could receive occupational driving privileges; however, that part of the statute was directed toward individuals whose licenses had been suspended for driving under the influence of alcohol. R.C. 4507.16(F); R.C. 4507.16(G).
 {¶ 9} Similarly, where a defendant receives an automatic driver's license suspension (also known as an "ALS" suspension), a trial court "has some restricted ability to grant occupational driving privileges." State v. Elfrink, (1995), 10th Dist. No. 95APC03-364. See also, R.C. 4511.191(I). The trial court's authority must be traced back to express statutory language. Occupational driving privileges may not be granted if not allowed by the statute. State v. Rondini, 11th Dist. No. 2002-A-0053, 2004-Ohio-2597, at ¶ 19.
 {¶ 10} Here, there was no specific statutory provision that allowed the trial court to grant someone occupational driving privileges after a license suspension due to an aggravated vehicular homicide conviction. Since a trial court does not have the power to modify a criminal sentence that has already been imposed without a specific statutory grant, we find that the trial court erred when it granted Raitz occupational driving privileges during his three year driver's license suspension. Appellant's sole assignment of error is well-taken.
 {¶ 11} The judgment of the Lucas County Court of Common Pleas is reversed. The case is remanded to the trial court for further proceedings consistent with this decision.
 {¶ 12} Appellee is ordered to pay the court costs of this appeal as specified under App.R. 24.
Judgment Reversed.
[1] {¶ a} The legislature amended R.C. 2903.06 in January of 2004. In referring to a violation of R.C. 2903.06(A)(2), R.C.2903.06(B)(3) now states: "In addition to any other sanctions imposed pursuant to this division, the court shall impose upon the offender a class two suspension of the offender's driver's license * * * from the range specified in division (A)(2) of section 4510.02 of the Revised Code." R.C. 4510.02(A) reads: "When a court elects or is required to suspend the driver's license * * * of any offender for a specified suspension class, for each of the following suspension classes, the court shall impose a definite period of suspension from the range specified for the suspension class: * * *
{¶ b} "(2) For a class two suspension, a definite period of three years to life."
{¶ c} The section applicable to R.C. 2903.06(B) was changed from R.C. 4507.16 to R.C. 4510.02 and incorporated the concept of suspension classes; but the same language indicates that a trial court is required to suspend the offender's driver's license for a definite period within the range of three years to life.
[2] The legislature also amended R.C. 4507.16 in January of 2004. This statute no longer applies to R.C. 2903.06 and does not discuss occupational driving privileges. Instead, R.C. 4507.16(A) concerns the suspension of a driver's license for, "any person who is convicted of or pleads guilty to perjury or the making for false affidavit under this chapter, or any other law of this state requiring the registration of motor vehicles or regulating their operation on the highway * * *."
[3] Where a defendant is convicted of aggravated vehicular homicide and the driver is under the influence of alcohol, his/her license is revoked. R.C. 2903.06(B)(1)(a); R.C.4507.16(D)(1). Additionally, courts have held that where a defendant is convicted for aggravated vehicular homicide while driving under the influence of alcohol, a trial court lacks the authority to grant occupational driving privileges for the revocation period imposed by statute. State v. Prosser, 1st Dist. No. C-030187, 2003-Ohio-5516, at ¶ 9-11; State v.Patterson, 8th Dist. No. 82381, 2003-Ohio-4946, at ¶ 5-11;State v. Rowe (1997), 118 Ohio App.3d 121, 125-126. See, also,State v. Helms (May 21, 2001), 5th No. 00 CA 107 (license suspended for life).