[Cite as *State v. Tensley*, 2012-Ohio-4265.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-110452 |
| | | C-110453 |
| Plaintiff-Appellee, | : | TRIAL NOS. B-0908529-A |
| | | B-1001604 |
| vs. | : | |
| ANTONIO TENSLEY, | : | *O P I N I O N.* |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed in Part, Reversed in Part, Appellant Discharged in Part, and Cause Remanded

Date of Judgment Entry on Appeal:  September 21, 2012

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Bruce K. Hust*, for Defendant-Appellant.

Please note:  This case has been removed from the accelerated calendar.

**FISCHER, Judge.**

{¶1}  Defendant-appellant Antonio Tensley appeals the judgment of the Hamilton County Court of Common Pleas convicting him of tampering with evidence in the case numbered B-0908529-A and escape in the case numbered B-1001604. Because we determine that Tensley's escape conviction was based upon insufficient evidence, we reverse the trial court's judgment in the case numbered B-1001604, and Tensley is discharged from further prosecution in that case.  With respect to the case numbered B-0908529-A, we remand this case to the trial court to orally inform Tensley of his postrelease-control obligations in accordance with R.C. 2929.191.  We affirm the remainder of the trial court's judgment.

### Background

{¶2}  Tensley was indicted in the case numbered B-0908529-A in December 2009, in part, for three counts of trafficking in marijuana and one count of tampering with evidence, after Tensley had allegedly sold marijuana to a confidential informant, which then had prompted an execution of a search warrant at Tensley's home.  Tensley admitted to police officers that he had thrown a bag of marijuana out of a bedroom window when the officers had arrived to execute the warrant.  As Tensley awaited trial, he remained out on bond and was required to wear an electronic-monitoring device.  Tensley's bond was subsequently revoked, however, and a capias was issued because Tensley had failed to comply with the conditions of the bond by violating curfew and testing positive for marijuana.

{¶3}  The day after the trial court revoked Tensley's bond, Tensley and his counsel appeared before the court at a motion-to-suppress hearing.  At the hearing, Tensley, who was apparently unaware at that time that his bond had been revoked,

requested that the trial court modify the conditions of his bond. In response to Tensley's request, the trial court stated that the request would be denied because a capias had been issued for Tensley. The trial court then instructed Tensley to sit in a chair in the jury box, and told him: "[T]he sheriff will come and take you away." Tensley did not wait until a sheriff's deputy arrived, and instead Tensley bolted out of the courtroom and out of the courthouse.

{¶4} Tensley was indicted for escape in the case numbered B-1001604 for fleeing from the courthouse, and he was eventually arrested. Tensley's two indictments were then joined for a jury trial. As to the 2009 indictment, the jury found Tensley not guilty of trafficking in marijuana in counts one and two, but could not reach a verdict on count three, and so the state dismissed that count; however, the jury found Tensley guilty of tampering with evidence. The jury also found Tensley guilty of escape. The trial court sentenced Tensley to concurrent five-year prison terms on the escape offense and the tampering-with-evidence offense. Tensley now appeals from his convictions.

## Escape

{¶5} In his first assignment of error, Tensley argues that his escape conviction was based upon insufficient evidence. Tensley was convicted under R.C. 2921.34(A)(1), which states, in pertinent part, that "[n]o person, knowing the person is under detention * * * or being reckless in that regard, shall purposely break or attempt to break the detention * * *." In relevant part, R.C. 2921.01(E) defines detention as "arrest." An arrest of a person requires "(1) [a]n intent to arrest, (2) under real or pretended authority, (3) accompanied by an actual or constructive seizure or detention of the person, and (4) which is so understood by the person

3

arrested." *State v. Barker*, 53 Ohio St.2d 135, 372 N.E.2d 1324 (1978), paragraph one of the syllabus.

{¶6} Tensley argues that he was not "under detention" for purposes of the escape statute because he was not under arrest at the time that he fled from the courthouse. We agree. Tensley's case is analogous to *State v. Lazier*, 12th Dist. No. CA2009-02-015, 2009-Ohio-5928. In *Lazier*, defendant Crystal Lazier had been charged with trafficking in heroin and was released on bond, subject to an order requiring her to submit to random drug testing. *Id.* at ¶ 2. Just a few days after her arraignment, Lazier tested positive for illegal drug substances. *Id.* at ¶ 3. The pretrial-services employee who administered the drug test called to inform the trial court judge of the results while Lazier was still at the pretrial-services office, and the judge told the employee to take Lazier into custody. *Id.* The employee then called court security to place Lazier into custody. *Id.* When Lazier asked the employee if she would be going to jail, the employee responded affirmatively. *Id.* at ¶ 4. Lazier then ran out of the building before security arrived, and she was not apprehended until later that day. *Id.* at ¶ 4-5.

{¶7} Lazier was charged with and convicted of escape under R.C. 2921.34(A)(1). On appeal, the Twelfth Appellate District reversed the trial court's judgment convicting Lazier of escape. *Id.* at ¶ 8. The appellate court determined that Lazier's conviction was based upon insufficient evidence because the state had failed to prove that the pretrial-services employee manifested the requisite intent to arrest Lazier, and, therefore, Lazier had not been under arrest when she fled from the pretrial-services office. *Id.* at ¶ 12.

{¶8}  At Tensley's trial pertaining to the escape charge, the evidence presented showed that the judge had told Tensley that the court would not remove Tensley's bond conditions because of the active capias.  The judge then had instructed Tensley to sit down in the jury box and informed him that the sheriff would come to get him.  Tensley had fled before an officer had even entered the room.  We determine that this evidence was insufficient to establish that Tensley had been under detention at the time he had fled because the judge had not had the requisite intent to arrest Tensley, just as the pretrial-services employee had not intended to arrest Lazier.  *Lazier* at ¶ 12.  As the judge specifically stated, "the sheriff will come," which is a statement in futuro, i.e., that Tensley was "to be" arrested.

{¶9}  The state argues that Tensley's escape conviction was supported by sufficient evidence because Tensley knew that he was under some form of "detention" when he fled.  In support of this argument, the state cites *State v. Diodati*, 77 Ohio App.3d 46, 601 N.E.2d 69 (11th Dist.1991) and *State v. Jackson*, 3d Dist. No. 1-04-52, 2005-Ohio-1083.  *Diodati* and *Jackson* are distinguishable.  In *Jackson*, a police officer approached the defendant in his car, told the defendant that he "was under arrest," and told the defendant to turn off his vehicle and unlock the door, at which time the defendant drove away.  *Jackson* at ¶ 15-16.  In *Diodati*, a chief of police told the defendant that he "was under arrest" and "handcuffed" him before the defendant fled.  *Diodati* at 49.  In both of these cases, the officers clearly "intended" to arrest the defendants—as shown by their statements to the defendants that they were under arrest, and by the officers' actions in handcuffing the defendants—whereas the trial court did not "intend" to arrest Tensley and instead called court security to do so.

{¶10} Because we determine that Tensley's escape conviction was based upon insufficient evidence, we sustain Tensley's first assignment of error. We reverse the trial court's judgment in the case numbered B-1001604, and Tensley is discharged from further prosecution in that case.

### Postrelease-Control Notification

{¶11} In his second assignment of error, Tensley argues that the trial court erred by failing to inform him at the sentencing hearing that he would be subject to postrelease control. R.C. 2929.191 requires a sentencing court to advise a defendant regarding postrelease control at the sentencing hearing, and if the trial court fails to do so, then it violates its statutory duty, and that part of an offender's sentence that is related to postrelease control is void. *See State v. Brown*, 1st Dist. Nos. C-100390 and C-100310, 2011-Ohio-1029, ¶ 8-9, quoting *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 26.

{¶12} The state concedes this error, and the record discloses that the court failed to inform Tensley of his postrelease-control obligations. Therefore, we sustain Tensley's second assignment of error, and we remand this matter for the proper imposition of postrelease control under R.C. 2929.191 with respect to his tampering-with-evidence charge.

### Voluntariness of Confession

{¶13} Tensley's third assignment of error relates to his tampering-with-evidence conviction. Tensley admitted to police officers that he threw a bag of marijuana out of a bedroom window when police came to execute a search warrant. Prior to that admission, a police officer had told Tensley that Tensley's girlfriend would be charged with a weapons offense if Tensley did not admit to disposing of the

marijuana. Tensley argues that the police officer's threat amounted to an unconstitutional, coercive statement, and that the trial court should have suppressed his later confession.

{¶14} In determining whether a pretrial confession is voluntary, a court should examine the totality of the circumstances. *State v. Edwards*, 49 Ohio St.2d 31, 358 N.E.2d 1051 (1976), paragraph two of the syllabus. A totality of the circumstances includes " 'the age, mentality, and prior criminal experience of the accused; the length, intensity, and frequency of interrogation; the existence of physical deprivation or mistreatment; and the existence of threat or inducement.' " *State v. Mason*, 82 Ohio St.3d 144, 154, 694 N.E.2d 932 (1998), quoting *Edwards* at paragraph two of the syllabus.

{¶15} At a hearing on Tensley's motion to suppress his statement, a police officer testified that Tensley had been read his *Miranda* rights prior to his confession and prior to an officer's threat of prosecution against Tensley's girlfriend. The interrogation by the officer, including the officer's threat and Tensley's subsequent confession, had not been lengthy or intense and had taken place over a matter of minutes. Moreover, Tensley testified that he had had prior criminal convictions, including trafficking in marijuana and falsification. Thus, in examining the totality of the circumstances surrounding Tensley's confession, we cannot determine that his confession was involuntary such that the trial court erred in overruling Tensley's motion to suppress. Tensley's third assignment of error is overruled.

### *Joinder of Indictments*

{¶16} In his fourth assignment of error, Tensley argues that the trial court abused its discretion by consolidating his indictments for trial. Crim.R. 13 provides,

in part, that "[t]he court may order two or more indictments or informations or both to be tried together, if the offenses or the defendants could have been joined in a single indictment or information."  Crim.R. 8(A) provides that two or more offenses may be joined if the offenses "are of the same or similar character, or are based on the same act or transaction, or are based on two or more acts or transactions connected together or constituting parts of a common scheme or plan, or are part of a course of criminal conduct."  A defendant may move to sever the indictments under Crim.R. 14 by illustrating prejudice.  *State v. Lott*, 51 Ohio St.3d 160, 163, 555 N.E.2d 293 (1990).  A defendant is not prejudiced by joinder of indictments, however, where the evidence presented for each indictment is simple and direct.  *State v. Franklin*, 62 Ohio St.3d 118, 122, 580 N.E.2d 1 (1991).

{¶17}  The evidence presented on Tensley's tampering-with-evidence charge and escape charge was simple and direct, such that the jury could segregate the facts of each crime.  Therefore, Tensley has failed to show that he was prejudiced by the joinder, and we overrule Tensley's fourth assignment of error.

{¶18}  Thus, in conclusion, we reverse the trial court's judgment convicting Tensley of escape in the case numbered B-1001604, and Tensley is discharged from further prosecution in that case.  Furthermore, the cause is remanded to the trial court with instructions to inform Tensley of his postrelease-control obligations under R.C. 2929.191 in the case numbered B-0908529-A.  We affirm the remainder of the trial court's judgment.

Judgment accordingly.

**SUNDERMANN, P.J.,** and **CUNNINGHAM, J.,** concur.

8

**Please note:**

> **The court has recorded its own entry on the date of the release of this opinion.**